STATE OF NORTH CAROLINA EX REL W. JACK HOOKS, SOLICITOR OF THE SUPERIOR COURTS OF THE FOURTH SOLICITORIAL DISTRICT v. J. PERCY FLOWERS AND WIFE, MRS. DELMAR FLOWERS.

(Filed 10 January, 1958.)

1. **Nuisances § 8b: Constitutional Law § 21—Order for inspection and inventory of private safe without showing that contents were relevant to inquiry held to invade property rights without due process.**

   Where, in an action to abate a public nuisance on the sole ground that the premises were used for the unlawful sale of whiskey and the storing and secreting thereon of materials for the unlawful manufacture of whiskey, G.S. 19-1, a safe found in the padlocked building is opened by the sheriff and no whiskey or other intoxicating beverages found therein, the court may not thereafter require that the safe be reopened for the purpose of taking an inventory thereof, there being nothing to show the materiality of anything in the safe as bearing upon the question of abatement. Such inventory would be an invasion of the property rights of defendant without due process of law.

2. **Appeal and Error § 3—**

   An order entered in a proceeding to abate a public nuisance directing the making of an inventory of the contents of defendant's safe found in the padlocked building, without any showing that the contents of the safe were relevant to that proceeding, is an order affecting a substantial right of defendant, from which appeal lies. G.S. 1-277.

APPEAL by defendants from *Williams, J.,* August 19, 1957, of JOHNSTON.

Civil action instituted 6 July, 1957, by the State of North Carolina *ex rel* W. Jack Hooks, Solicitor of the Superior Court of the Fourth Solicitorial District of North Carolina, under the provisions of Chapter 19 of the General Statutes of North Carolina for the abatement of an alleged nuisance,—a place for the purpose of illegal sale of whiskey, maintained and operated by defendant J. Percy Flowers, to wit: A large store building situate in Wilder's Township, Johnston County, on the west side of N. C. Highway No. 42, approximately seven miles north of Clayton, N. C.

On the same day, and upon the ·petition and affidavits filed, *Williams,* Judge of Superior Court, signed an order that the

sheriff of Johnston County immediately go upon the said premises of defendants, and securely close, lock, fasten and padlock same, and to keep same padlocked until further orders in the cause; and by said order defendants were temporarily restrained and enjoined from the operation and maintenance of said place of business pending further orders in this cause. And the sheriff was further directed to seize all furniture, fixtures and instruments found in the building and to hold same pending further orders in this cause relating to their disposition. And defendants were required to appear at the courthouse in Sanford, N. C., on 22 July, 1957, at hour and place named, and show cause, if any they have, why this order should not be made permanent, and they be perpetually enjoined from conducting the nuisance of which complaint is made.

Also on the same day, 6 July, 1957, the cause being heard upon the affidavit and motion of petitioner in the cause (though neither appears in the record) from which it appears that upon the search of the store building described in the complaint the agents of the State Bureau of Investigation and the sheriff of Johnston County found an iron safe belonging to the defendant J. Percy Flowers which contained a large amount of cash money, and for safe keeping an order was entered by Williams, J., as aforesaid, authorizing and directing the sheriff of Johnston County to remove the iron safe from the store building to First Citizens Bank & Trust Company at Smithfield—for its care and preservation.

And in petition for *supersedeas* it appears that in the process of the seizure and levy by the sheriff, the said safe was opened while on the premises of defendant J. Percy Flowers and it was ascertained by them that it contained no liquor or intoxicating beverages, as stated by William W. Melvin, an agent of State Bureau of Investigation, and by the sheriff in their respective affidavits filed.

Defendants answered the complaint or petition (interchangeably so designated), admitting the maintenance and operation of a large store building at place described, but denying in material aspect all allegations of illegal use.

On 19 August, 1957, Judge Williams signed another order in which after reciting that "this cause coming on to be heard and being heard * * * upon motion of plaintiff to fix a date and place for the opening and inventory of the contents of a certain iron safe, seized by the sheriff in the above entitled action, now in the custody of said sheriff in the courthouse at Smithfield, N. C., and the court finding that the combination for opening said safe is not known to said sheriff, and is known to the defendant J. Percy Flowers, and that the said safe probably

cannot be opened unless said combination to the locks thereof is furnished said sheriff, without injury or damage thereto," it was "Ordered and Adjudged that the defendant J. Percy Flowers appear at the office of the sheriff of Johnston County, at the courthouse in Smithfield, N. C., at ten o'clock a. m. on Friday, the 23rd day of August 1957, then and there to furnish said sheriff with the combination to said safe and open the same, and said sheriff shall inventory the contents thereof and furnish copies of said inventory to the parties to this action as provided in an order entered in this cause on this date, and to the District Director of the United States Revenue Service of the United States Treasury Department, and his representative;

"It is further ordered that a complete inventory of the contents of said safe be delivered to the First Citizens Bank & Trust Company, and that the moneys and securities therein, if any, be deposited with said banking institution, as Trustee of the Superior Court of Johnston County, North Carolina, subject to the further orders of the court and the validity of the claim of lien of the United States Treasury Department and Director of the United States Internal Revenue Service, under 'Notice of Seizure and Levy' served upon the defendants, and the sheriff of Johnston County for non-payment of tax alleged to be due the United States, by the defendants herein;

"It is further ordered that the defendants or their counsel be present at the opening and inventory of the contents of said safe at said time and place;

"And it is further ordered that in the event the sheriff of Johnston County should be unable to open said safe with the combination furnished, the said sheriff is authorized and empowered to use such means and methods as may be available and necessary to obtain access to said safe and its contents, with as little injury and damage thereto as possible, and make return of this order to the court; and this order is retained."

And the record does not contain the motion or notice of motion on which the foregoing order purports to be predicated. Nor does the record contain any other order entered in this cause on 19 August, 1957.

To this order of 19 August, 1957, defendants excepted and gave written notice of appeal to Supreme Court on 21 August, 1957, service of which was accepted by Solicitor Hooks on the same date, and assign error.

*W. R. Britt for Plaintiff Appellee.*
*L. L. Levinson, Clem B. Holding for Defendants Appellants.*

WINBORNE, C.J.: Chapter 19 of the General Statutes of North Carolina provides a remedy for the abatement of certain types

of public nuisances. Pertinent sections of this chapter of the General Statutes are as follows:

. (1) G.S. 19-1 declares that "whoever shall * * * maintain * * * any building * * * or place used for the purpose of * * * illegal sale of whiskey * * * is guilty of nuisance, and the building * * * or place upon which * * * illegal sale of liquor is conducted * * * and the furniture, fixtures, musical instruments and contents, are also declared a nuisance, and shall be enjoined and abated, as hereinafter provided."

(2) G.S. 19-2 prescribes the judicial machinery by which the abatement may be accomplished. This action was instituted pursuant to these provisions.

And (3) it is noted that the only allegations contained in the complaint with respect to any alleged public nuisance are that unlawful sale of whiskey is transacted on and around the premises, and that materials for the unlawful manufacture of whiskey are kept, stored and secreted there.

Therefore, when it appears that the iron safe found in the padlocked building has been opened by the sheriff, to whom the order to padlock was issued, and no whiskey or other intoxicating beverages are found therein, may the court thereafter require that the safe be re-opened for purpose of taking an inventory of the contents thereof to be furnished to others who are not parties to this action? Defendants contend, and we hold rightly so, that the effect of such inventory for such purpose is an invasion of the property rights of defendants without due process of law.

Suggestion is made, however, that the examination of the contents of the safe by the sheriff and the agent of the State Bureau of Investigation may have been superficial and they may not have discovered everything that was in the safe. The officers do not say so. Indeed, the agent of the State Bureau of Investigation stated in this affidavit that he "searched the safe for intoxicating liquor, and found none." And there is in the record no affidavit to the contrary. Moreover the record fails to show that defendants had notice that it was proposed to re-open the safe. Other than cash money there is no specification of what is in the safe, or as to the materiality of anything there may be in it.

In this connection it is appropriate to compare the provisions of G.S. 8-89 and G.S. 8-90 relating to when and under what conditions a judge, upon due notice, may order the inspection and production of any books, paper, and documents containing evidence relating to the merits of the action or the defense therein. Decisions of this Court in respect thereto hold that the affidavit supporting an order for such inspection must suffi-

ciently designate the writings, and show their materiality to the immediate issue in controversy. See *Thomas v. Trustees of Catawba College,* 242 N.C. 504, 87 S.E. 2d 913; *Patterson v. Ry. Co.,* 219 N.C. 23, 12 S.E. 2d 652, and others to like effect.

But the plaintiff contends that this appeal is premature and fragmentary. In this connection, G.S. 1-277, relating to right of appeal, provides that "an appeal may be taken from every judicial order or determination of a judge of a Superior Court, upon or involving a matter of law or legal inference, whether made in or out of term, which affects a substantial right claimed in any action or proceeding * *."

Defendants contend, and we think rightly so, that in instant case a substantial right of defendants is affected by the court order, in that it delves into their private property without legal process. See *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717, and cases cited.

No sufficient reason being made to appear of record to support the order of 19 August, 1957, it is hereby set aside.

Error.