IN RE: DEVIN R. KLUTTZ, LOREE KLUTTZ AND MICHELLE T. KLUTTZ

No. 7019SC95

(Filed 25 February 1970)

1. Constitutional Law § 26— Full Faith and Credit — interlocutory order

The Full Faith and Credit Clause of the U. S. Constitution, Art. IV, § 1, does not conclusively bind the courts of this state to give greater effect to a decree of another state than it has in that state, or to treat as final and conclusive an order of a sister state which is interlocutory in nature.

2. Divorce and Alimony § 22— jurisdiction to determine child custody — physical presence in State

The courts of this State have jurisdiction to enter orders providing for the custody of minor children when the children are physically present in this state. G.S. 50-13.5(c)(2)(a).

3. Divorce and Alimony § 22— modification of foreign child-custody decree

When an order for custody has been entered by a court in another state, a court of this state may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order. G.S. 50-13.7(b).

4. Divorce and Alimony § 22— foreign child-custody order — discretion of court to decline jurisdiction

Upon a finding of fact that a court in another state has assumed jurisdiction to determine child custody and that the best interest of the child and the parties would be served by having the matter disposed of in that jurisdiction, the court may, in its discretion, refuse to exercise jurisdiction. G.S. 50-13.5(c)(5).

5. **Constitutional Law § 26;    Divorce and Alimony § 22— foreign child-custody decree — Full Faith and Credit — jurisdiction of court — refusal to hear evidence**

   In this habeas corpus proceeding to compel the father and paternal grandparents to return the custody of minor children now physically present in this State to the mother, who had been granted custody of the children by the courts of another state, the trial court erred in refusing to hear evidence offered by the father and paternal grandparents on the ground that Full Faith and Credit prevented him from issuing any order other than one which would require compliance with the foreign decree, since the court had jurisdiction to modify the foreign decree upon a showing of changed circumstances, and it does not appear that the court was exercising the discretion to decline jurisdiction granted him by G.S. 50-13.5(c)(5).

APPEAL by respondents, residents of ROWAN County from an order entered on 3 September 1969 by *Seay, J.*, while presiding at the 25 August 1969 Ordinary Mixed Session of FORSYTH County Superior Court.

Petitioner applied for a writ of *habeas corpus* in Rowan County alleging in pertinent part as follows. She and her husband were residents of California. They separated, and petitioner instituted an action there for separate maintenance. Personal service was had on her husband, Herman E. Kluttz. Both parties were present in the California court, and on 14 May 1969, an interlocutory order was entered awarding petitioner custody of the three minor children of the parties. Subsequently she allowed the children to visit their paternal grandparents in China Grove, North Carolina. The respondents, who are the paternal grandparents and her husband, now refuse to return the children to her custody. Seay, J., issued the writ on 26 August 1969 and ordered the respondents to have the children before him on 3 September 1969 in the Superior Court of Forsyth County. From an order requiring respondents to return the children to the custody of the petitioner, respondents appeal.

*Woodson, Hudson & Busby by Max Busby for petitioner appellee.*

*Johnson, Davis & Horton by James C. Davis and Clarence E. Horton, Jr., for respondent appellants.*

VAUGHN, J.

[5]    The record on appeal contains petitioner's application, the writ of *habeas corpus,* the order of the California court, a transcript of the colloquy between the court and counsel, and Judge Seay's

In re Kluttz

order. It appears from the transcript of the colloquy between the court and counsel for respondents that the trial judge took the position that the only issue before him was the legality of the California order and declined to hear testimony in the case. Respondents' attorney requested the court to consider certain affidavits and the testimony of the children. The court declined and stated to respondents' counsel:

"The thing to do was for him to appeal from this order. I don't see · anything other than to say that the full faith and credit clause of the United States Constitution prevents me from doing anything other than issuing whatever order is necessary to give full faith and credit to the California order, and that it be complied with. It's not a matter for me to decide who gets custody, somebody else already decided."

The order from which respondents appeal recites in part:

"[T]he court finding as a fact that the Superior Court of the State of California for the County of San Bernardino had jurisdiction over the parties and the subject matter and that said order is entitled to full faith and credit and that under said order Sharron R. Kluttz is entitled to custody of the aforementioned minor children."

The learned trial judge erred in declining to hear respondents' evidence on the ground that the Full Faith and Credit Clause of the Constitution prevented him from issuing any order other than one which would require compliance with the order previously entered by the California court.

[1-3]   The Full Faith and Credit Clause of the United States Constitution, Article IV, § 1, does not conclusively bind the North Carolina courts to give greater effect to a decree of another state than it has in that state, or to treat as final and conclusive an order of a sister state which is interlocutory in nature. *Rothman v. Rothman,* 6 N.C. App. 401, 170 S.E. 2d 140. The courts of this State have jurisdiction to enter orders providing for the custody of minor children when the children are physically present in this State. G.S. 50-13.5 (c) (2) a. When an order for custody has been entered by a court in another state, a court of this state may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order. G.S. 50-13.7 (b); *In Re Marlowe,* 268 N.C. 197, 150 S.E. 2d 204.

[4, 5]   This is not to say that jurisdiction must be exercised in every custody proceeding where jurisdiction exists. Upon a finding

of fact that a court in another state has assumed jurisdiction to determine the matter *and* that the best interest of the child and the parties would be served by having the matter disposed of in that jurisdiction, the court may, in its discretion, refuse to exercise jurisdiction. G.S. 50-13.5(c)(5). This statute, however, has no application to this appeal because there was no finding of fact that the best interests of the children and the parties would be served by having the matter disposed of in the California court, and it does not appear that the trial judge was acting in the exercise of the discretion granted him.

The judgment entered below is set aside and the cause is remanded for hearing in compliance with this opinion and applicable rules of law.

Reversed.

MALLARD, C.J., and MORRIS, J., concur.