Zajicek v. Zajicek

ROBERT F. ZAJICEK v. BRENDA A. ZAJICEK

No. 7122DC600

(Filed 20 October 1971)

1. Appeal and Error § 9— moot question

Assignment of error to order awarding temporary custody of a child to its father without notice to the mother presents a moot question where the order was never enforced and the mother retained custody until the hearing.

2. Divorce and Alimony § 24; Infants § 9— child custody pending service of process

In appropriate cases the court may enter an order for the temporary custody of a child pending the service of process. G.S. 50-13.5(d)(2).

3. Constitutional Law § 26— foreign custody decree — failure to show jurisdiction

Duly authenticated child custody orders entered by a Florida court were properly admitted in custody hearing in this State, notwithstanding there was no showing that the Florida court had jurisdiction, since jurisdiction is presumed and the burden is on the opposing party to show lack of jurisdiction.

4. Appeal and Error § 57— evidence not in record — findings of fact — presumption

Where the evidence is not brought forward in the record on appeal, it is presumed that there was sufficient evidence to support the court's findings of fact.

APPEAL by defendant from *Cornelius, District Judge,* 30 April 1971 Session of District Court held in IREDELL County.

Plaintiff instituted this action on 20 April 1971. The complaint in pertinent part is as follows:

"III. That the plaintiff and defendant were married and were later divorced on June 13, 1968, and to this marriage was born one child, namely, Robert F. Zajicek, Jr.

IV. That the defendant instituted an action for the custody and support of the minor child, namely, Robert F. Zajicek, Jr., in the Domestic Relations Court of Palm Beach County, Florida; that the defendant [*sic*] counterclaimed for custody; that a hearing was held in this matter in the Domestic Relations Court of Palm Beach County, Florida, in December, 1970; that, in said hearing, the defendant and the plaintiff appeared; the witnesses for each party ap-

peared, and the counsel for each party appeared. By Order dated January 7, 1971, the Court ordered that the plaintiff should be given custody of the minor child born of this marriage.

V. That on April 13, 1971, a further hearing was held in this matter in the Domestic Relations Court of Palm Beach County, Florida, and the Court again ordered that the plaintiff be given custody of the minor child born of this marriage. The Court further found that the defendant was unfit to have custody of the minor child, namely, Robert F. Zajicek, Jr.; and further ordered that the defendant deliver the child to the plaintiff. A copy of the said Order is attached hereto and is marked Exhibit A.

VI. That the defendant has fled the State of Florida in order to avoid enforcement of the forementioned Orders, and that she is believed to be residing in Iredell County, North Carolina. That the defendant has refused to deliver custody to the plaintiff and has threatened that if the plaintiff attempts to take custody of the child, she will kill the child and commit suicide.

WHEREFORE, the plaintiff prays the Court:

1. That an Order issue directing the defendant to deliver custody of the said minor child to the plaintiff, pursuant to the North Carolina General Statutes 50-13.5(d)(2).

2. That the Sheriff of Iredell County be ordered to serve this aforementioned Order on the defendant.

3. That an Order issue awarding permanent custody of the said minor child, namely, Robert F. Zajicek, Jr., to the plaintiff.

4. For such other and further relief as to the Court may seem just and proper."

The case was heard on 30 April 1971. Both parties were present and represented by counsel. From an order awarding custody of the child to the plaintiff, defendant appealed.

*Pope, McMillan and Bender by William H. McMillan for plaintiff appellee.*

*Sowers, Avery and Crosswhite by W. E. Crosswhite for defendant appellant.*

Zajicek v. Zajicek

VAUGHN, Judge.

[1, 2]  Defendant's first assignment of error is that on the day the action was filed, without prior notice to defendant, the court entered an order directing defendant to deliver custody of the child to plaintiff. The record discloses that the order was never enforced and that defendant retained custody of the child until the hearing on 30 April 1971. The questions defendant attempts to raise by this assignment of error are therefore moot. *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177. In appropriate cases the court may enter orders for the temporary custody of a child pending the service of process. G.S. 50-13.5 (d) (2). This assignment of error is overruled.

[3]  Defendant next assigns as error the admission into evidence of the duly authenticated orders of the Juvenile and Domestic Relations Court of Palm Beach, Florida, arguing that there was no showing that the Florida court had jurisdiction. The defendant in this action was plaintiff in the Florida suit. "However, a duly authenticated transcript imports verity and validity with the presumption in favor of jurisdiction, and the burden is upon defendant to avoid the judgment by showing lack of jurisdiction or other vitiating matters." 2 Strong, N.C. Index 2d, Constitutional Law, § 26, p. 244. This assignment of error is without merit.

[4]  In defendant's remaining assignments of error she contends that the evidence does not support the court's findings of fact and that the court's findings of fact were inadequate. The evidence taken at the trial is not brought forward in this record on appeal. It is therefore presumed that there was evidence to support the findings of fact. *In re Warrick,* 1 N.C. App. 387, 161 S.E. 2d 630. The facts found are sufficient to support the order and the same is hereby affirmed.

Affirmed.

Judges BROCK and GRAHAM concur.