NANCY H. FUNDERBURK v. HAROLD LEE JUSTICE

No. 7526DC26

(Filed 7 May 1975)

Appeal and Error § 6— interlocutory order — no appeal

An order allowing plaintiff's motion to amend her complaint to reply and denying defendant's motion for judgment on the pleadings was interlocutory and did not deprive defendant of a substantial right which he would lose if the order were not reviewed; therefore, the order was not appealable.

APPEAL by defendant from *Griffin, Judge.* Order entered 15 October 1974 in District Court, MECKLENBURG County. Heard in the Court of Appeals 18 March 1975.

Plaintiff instituted this action to recover upon a loan of $2,000 made by her to defendant on 17 February 1970. Summons and complaint were filed 2 July 1973. Answer filed by the defendant affirmatively set up the defense of the statute of limitations. On 29 April 1974, defendant filed a motion for judgment on the pleadings. Plaintiff thereafter filed a motion that she be allowed to file a reply, which was eventually granted in a *nunc pro tunc* order dated 15 October 1974. The reply pleaded matters which sought to prevent the application of the statute of limitations to bar the present action.

From the order (1) allowing plaintiff's motion to amend her complaint to reply and (2) denying defendant's motion for judgment on the pleadings, the defendant appealed.

*Elbert E. Foster for the plaintiff.*

*Charles B. Merryman, Jr., for the defendant.*

CLARK, Judge.

G.S. 1-277 and G.S. 7A-27 in effect provide that no appeal lies to an appellate court from an interlocutory ruling or order of the trial court unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment. *Consumers Power v. Power Co.,* 285 N.C. 434, 206 S.E. 2d 178 (1974) ; *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669 (1951).

The order of the trial court granting the motion to amend and denying the motion for judgment on the pleadings is obviously not a final judgment but is interlocutory. Consequently, no appeal lies of right to this Court from the order unless the order deprives the appellant of a substantial right which he would lose if not reviewed before final judgment.

The appellate courts have allowed appeals from interlocutory orders in some cases, for example, where the order of the trial court allowed the defendant to take the deposition of plaintiff's attending physician though a statutory privilege prevented it, *Lockwood v. McCaskill,* 261 N.C. 754, 136 S.E. 2d 67 (1964) ; where the trial court granted a change of venue, *Coats v. Hospital,* 264 N.C. 332, 141 S.E. 2d 490 (1965) ; where an order directed the taking of an inventory of defendant's safe but the relevance therefor was not stated and was not apparent, *Hooks, Solicitor v. Flowers,* 247 N.C. 558, 101 S.E. 2d 320 (1958) ; where interests in real property were substantially affected, *Horne v. Horne,* 261 N.C. 688, 136 S.E. 2d 87 (1964) ; and where an order striking a pleading is tantamount to a demurrer denying the pleader a right to recover, *Bank v. Easton,* 3 N.C. App. 414, 165 S.E. 2d 252 (1969) ; *McAdams v. Blue,* 3 N.C. App. 169, 164 S.E. 2d 490 (1968).

In cases more in point, it has been held that an order denying defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action was interlocutory and could not be entertained on appeal before this Court, *Green v. Best,* 9 N.C. App. 599, 176 S.E. 2d 853 (1970), the only available course of action being a petition for certiorari pursuant to Rule 4, Rules of Practice in North Carolina Court of Appeals. It has also been held that orders relating to pleadings generally are not appealable, *Williams v. Denning,* 260 N.C. 539, 133 S.E. 2d 150 (1963), particularly orders allowing amendment of pleadings. *Order of Masons v. Order of Masons,* 225 N.C. 561, 35 S.E. 2d 613 (1945).

Strict construction of the rule against allowing appeal from an interlocutory order of the trial court serves the purpose of eliminating the unnecessary delay and expense of fragmented appeals and of presenting the whole case for determination in a single appeal from a final judgment. In this case the interlocu-

tory order does not deprive the defendant of a substantial right which he would lose if not reviewed.

Appeal dismissed.

Judges MORRIS and VAUGHN concur.