ROBERT FRANKLIN JOHNSTON v. MARY JANE RUTLAND JOHNSTON

No. 7626DC11

(Filed 5 May 1976)

Infants § 8— custody of minors — defendant and minors in Tennessee — jurisdiction of N. C. court

The trial court in a child custody action (1) properly exercised jurisdiction in the matter pursuant to G.S. 50-13.5(c)(2)b, since defendant had been personally served in N. C. with summons and complaint, (2) was not required to give full faith and credit to a *temporary* order of the Juvenile Court of Memphis, Tennessee, which granted temporary custody to defendant, and (3) did not abuse its discretion by retaining jurisdiction of the action pursuant to G.S. 50-13.5(c)(5), though defendant and the two children were no longer residents of N. C., since the court determined that plaintiff, defendant and the two children had lived in N. C. for two years, there were witnesses in N. C. who could testify as to the fitness of the parties and best interests of the children, and trial of the action in N. C. would not cause an undue burden on defendant.

APPEAL by defendant from *Lanning, Judge*. Judgment entered 15 September 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 14 April 1976.

Plaintiff instituted action for custody of his two minor children. He alleged that he and the defendant were married and that they were residents of Mecklenburg County. Plaintiff alleged that the defendant left him without notice and took their children with her to Memphis, Tennessee, and that she refuses to let the plaintiff visit or communicate with his children. Plaintiff alleged that it was in the best interest of the children that they be placed in his care, custody and control.

Defendant entered a special appearance for the purpose of contesting jurisdiction and alleged that she and the two children were residents of Memphis, Tennessee, and that the District Court of Mecklenburg County lacked jurisdiction over her. She moved that the action be dismissed. Defendant subsequently amended her special appearance to allege that the Juvenile Court of Memphis and Shelby County, Tennessee, had entered an order granting defendant temporary custody of the children, and that the said Juvenile Court had assumed jurisdiction to determine the custody of the children and therefore the District Court of Mecklenburg County should refuse to exercise jurisdiction and dismiss plaintiff's action.

At the hearing plaintiff testified that he and defendant were married in 1962. They lived in Memphis for the first six years of their marriage and then moved to Birmingham, Alabama, where they lived for the next six years. The two children were born in Birmingham. Plaintiff and defendant lived in Charlotte for the past two years. The children's ages are six and four.

Upon conclusion of the hearing, the court entered an order concluding that "this Court has jurisdiction of the parties and the subject matter of this action" and that "this Court has discretion to retain jurisdiction of this action pursuant to the authority of North Carolina General Statutes § 50-13.5." The trial court found that defendant had been personally served in North Carolina with summons and complaint, and that custody should be determined in Mecklenburg County where the children had resided for the past two years, and where there were witnesses to testify as to the fitness of the parties and the best interest of the children.

The trial court further found that the Protective Order of the Memphis Juvenile Court was a temporary protective order, and not an adjudication of the custody of the children. The court found also that defendant and the children were no longer residents of Mecklenburg County, and that trial of the action in Mecklenburg County would not cause an undue burden on the defendant.

From the denial of defendant's motion to dismiss, she appeals to this Court.

*Hamel, Cannon and Hamel, P.A., by I. Manning Huske, for plaintiff appellee.*

*Mraz, Aycock, Casstevens and Davis, by Robert P. Hanner II and Nelson M. Casstevens, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant's contention that the trial court erred in holding that it had jurisdiction of the parties and the subject matter of this action is without merit.

G.S. 50-13.5(c)(2) provides:

> "The courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child when:
>
> a. The minor child resides, has his domicile, or is physically present in this State, *or*
>
> b. *When the court has personal jurisdiction of the person, . . . having actual care, control, and custody of the minor child.*" [Emphasis added.]

On 23 June 1975, according to the record, personal service of defendant was acquired. Pursuant to G.S. 50-13.5(c)(2)b the court properly exercised jurisdiction in this matter.

Defendant argues that the Protective Custody Order of the Memphis Juvenile Court should be given full faith and credit because it was entered prior to any order of custody entered by a North Carolina court. This is unfounded. "The Full Faith and Credit Clause of the United States Constitution, Article IV, § 1, does not conclusively bind the North Carolina courts to give greater effect to a decree of another state than it has in that state, or to treat as final and conclusive an order of a sister state which is interlocutory in nature." *In re Kluttz,* 7 N.C. App. 383, 385, 172 S.E. 2d 95 (1970). The District Court in Mecklenburg County was not required in this case to give full faith and credit to the temporary order of the Juvenile Court of Memphis, Tennessee.

Defendant's final contention that the trial court abused its discretion by retaining jurisdiction of this action pursuant to G.S. 50-13.5 is groundless.

G.S. 50-13.5(c)(5) provides: "If at any time a court of this State having jurisdiction of an action or proceeding for

the custody of a minor child finds as a fact that a court in another state has assumed jurisdiction to determine the matter, and that the best interest of the child and the parties would be served by having the matter disposed of in that jurisdiction, the court of this State may, in its discretion, refuse to exercise jurisdiction, and dismiss the action or proceeding or may retain jurisdiction and enter such orders from time to time as the interest of the child may require."

The trial judge found that the parties and the two minor children resided in Mecklenburg County from 1973 until 10 March 1975, and that the witnesses who could testify regarding the fitness of either of the parties, and regarding what might be in the best interest of the two minor children, resided in Mecklenburg County. There was no evidence offered in contradiction to these findings, and we find no basis to show that the trial judge abused his discretion by not relinquishing jurisdiction to the Tennessee court.

Affirmed.

Judges BRITT and VAUGHN concur.