JANE W. WILLIAMS v. JOHN F. WILLIAMS

No. 7610DC71

(Filed 19 May 1976)

Appeal and Error § 6— interlocutory order not appealable

The trial court's order that the parties and their child submit to a psychiatric examination prior to final determination on the question of child custody was interlocutory and not appealable.

APPEAL by plaintiff from *Bullock, Judge.* Order entered 28 October 1975 in District Court, WAKE County. Heard in the Court of Appeals 7 May 1976.

This is a civil action wherein plaintiff Jane W. Williams seeks an order for custody of Angela Denise Williams, born 4 March 1969, the only child of the marriage between plaintiff and the defendant, John F. Williams.

On 25 April 1975, when plaintiff filed her complaint for custody of the child, Judge Bason entered an order granting temporary custody to plaintiff and set a date for a hearing in the matter. On 18 July 1975, after a hearing, Judge Bullock entered an order continuing custody of the child with the plaintiff until after the parties and the child had submitted to psychiatric counseling. On 28 October 1975, the parties not having consulted any psychiatrist, Judge Bullock entered an order that plaintiff, defendant, and minor child submit themselves to Dr. Henry Lineberger or to someone recommended by him for counseling. On 18 November 1975, Judge Bullock entered another order directing plaintiff, defendant, and minor child to submit themselves to Dr. Betty Hydrick (recommended by Dr. Lineber-

ger) at Suite 101, Doctor's Building, St. Mary's Street, Raleigh, North Carolina, at 1:00 p.m. on Friday, November 21, 1975. Plaintiff appealed.

*Dixon and Hunt by Daniel R. Dixon for plaintiff appellant.*

*No counsel for defendant appellee.*

HEDRICK, Judge.

G.S. 1-277 in pertinent part provides:

> "*Appeal from superior or district court judge.*— (a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

This section provides that no appeal lies to an appellate court from an interlocutory ruling or order of the trial court unless such ruling or order deprives the appellant of a substantial right. *Funderburk v. Justice,* 25 N.C. App. 655, 214 S.E. 2d 310 (1975).

Judge Bullock's order that the parties and the child submit to a psychiatric examination prior to final determination on the question of custody is interlocutory. The trial judge is empowered to order the plaintiff to submit to a psychiatric examination. G.S. 1A-1, Rule 35. Clearly, the order appealed from does not deprive plaintiff of a substantial right which she might lose if the order is not reviewed before a final determination of custody.

Appeal dismissed.

Chief Judge BROCK and Judge CLARK concur.