CLIFTON T. WHYBURN PLAINTIFF-APPELLANT v. H. ROSS NORWOOD AND WIFE, STELLA G. NORWOOD; RONALD BENOIT; NANCY R. ROBINSON; JUDY R. HARRIS; JOSEPH C. PHILLIPS AND WIFE, TERESA A. PHILLIPS; ROBERT E. TIBBS, SR., AND WIFE, CAROLE R. TIBBS; TIMIR BANERJEE AND WIFE, RITA MARIE BANERJEE; KENNETH W. WATERS AND WIFE, LILA C. WATERS; REGINE NAUMAN HAYES AND HUSBAND, TED W. HAYES; REX E. BROOKS AND WIFE, CAROLYN L. BROOKS; MARY C. WIENTJES; DANIEL O'NEAL AND WIFE, JACKIE W. O'NEAL; DYAL JEAN WEAVER; DAVID W. HOLMES AND WIFE, KATHLEEN M. HOLMES; PIERRE MORELL AND WIFE, BONNIE B. MORELL; THE GUARANTY STATE BANK, A NORTH CAROLINA CORPORATION; THE CENTRAL CAROLINA BANK AND TRUST COMPANY, A NORTH CAROLINA CORPORATION; LILLIAN B. ROYAL DEFENDANT-APPELLEES

NELLIE BYNUM STROWD v. H. ROSS NORWOOD AND WIFE, STELLA G. NORWOOD; RONALD BENOIT; NANCY R. ROBINSON; JUDY R. HARRIS; JOSEPH C. PHILLIPS AND WIFE, TERESA A. PHILLIPS; ROBERT E. TIBBS, SR., AND WIFE, CAROLE R. TIBBS; TIMIR BANERJEE AND WIFE, RITA MARIE BANERJEE; KENNETH W. WATERS AND WIFE, LILA C. WATERS; REGINE NAUMAN HAYES AND HUSBAND, TED W. HAYES; REX E. BROOKS AND WIFE, CAROLYN L. BROOKS; MARY C. WIENTJES; DANIEL A. O'NEAL AND WIFE, JACKIE W. O'NEAL; DYAL JEAN WEAVER; DAVID W. HOLMES AND WIFE, KATHLEEN M. HOLMES; PIERRE MORELL AND WIFE, BONNIE B. MORELL; THE GUARANTY STATE BANK, A NORTH CAROLINA CORPORATION; THE CENTRAL CAROLINA BANK AND TRUST COMPANY, A NORTH CAROLINA CORPORATION

No. 7715SC741

No. 7715SC799

(Filed 15 August 1978)

**Appeal and Error § 6.11— order limiting lis pendens—no immediate appeal**

In an action to quiet title to property which defendants have incorporated into a residential subdivision, an order limiting the scope of *lis pendens* filed by plaintiffs only to the area of the subdivision which they claim was interlocutory and not immediately appealable.

APPEALS by plaintiffs from *Hobgood, Judge.* Orders entered 1 July 1977 in Superior Court, CHATHAM County. Heard in the Court of Appeals 1 June 1978. (Appeals consolidated for purpose of hearing and determination.)

In March of 1977 each plaintiff filed a complaint to quiet title to certain real property which he or she allegedly owns but which

defendants Norwood have incorporated into a residential develop-
ment named "River Forest". Plaintiffs do not claim title to all of
the property in the 318-acre River Forest subdivision but only to
approximately 16.7 acres thereof for which the deeds of plaintiffs
and the Norwoods overlap.

Plaintiffs also joined as defendants 25 other persons and cor-
porations who had purchased or financed lots in the River Forest
development on the ground that the restrictive covenants in their
deeds and recorded in a declaration of "Restrictive and Protective
Covenants" give said defendants an interest in the disputed prop-
erty through a purported right to restrict the use thereof.

Contemporaneously with the filing of their complaints, plain-
tiffs filed notices of lis pendens describing as the property af-
fected by the pending litigation the entire River Forest subdivi-
sion. Defendant Ross Norwood filed motions to limit the scope of
the notices of lis pendens only to the area to which plaintiffs
claim title.

Following a hearing, based primarily on the complaints, the
court allowed the motions and ordered cancelled so much of the
notices of lis pendens which purport to apply to property other
than the 16.7 acres claimed by plaintiffs.

Plaintiffs appealed.

*Epting, Hackney & Long, by Joe Hackney, and Barber,
Holmes & McLaurin, by Edward S. Holmes, for plaintiff ap-
pellants Clifton T. Whyburn and Nellie Bynum Strowd.*

*Gunn & Messick, by Paul S. Messick, Jr., for defendant ap-
pellee H. Ross Norwood.*

BRITT, Judge.

Defendant appellee contends that the orders from which
plaintiffs purport to appeal are interlocutory ones, not affecting
substantial rights, and that they are, therefore, not immediately
appealable. We think this contention has merit.

In *Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310
(1975), Judge Clark, speaking for this court, said:

"G.S. 1-277 and G.S. 7A-27 in effect provide that no appeal lies to an appellate court from an interlocutory ruling or order of the trial court unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment. *Consumers Power v. Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974); *Raleigh v. Edwards*, 234 N.C. 528, 67 S.E. 2d 669 (1951)."

We do not think the orders of Judge Hobgood deprive plaintiffs of substantial rights which they would lose if the orders are not reviewed before final judgment. Consequently, the appeals from said orders are dismissed.

Appeals dismissed.

Judges ARNOLD and ERWIN concur.