MICHAEL ROLAND LYNCH v. JEAN T. LYNCH

No. 7927DC530

(Filed 4 March 1980)

1. **Divorce and Alimony §§ 23.4, 23.5; Infants § 5— temporary child custody order—child within State—authority to enter—effect on party not served**

    The trial court had authority to enter an order for the temporary custody of a minor child who was physically present in this State, but such order was not binding on defendant since she was not served with summons prior to its entry. G.S. 50-13.5(c)(2), (d)(2).

2. **Divorce and Alimony § 23.4; Rules of Civil Procedure § 4— nonresident defendant—service by registered mail—inadequate affidavit**

    The trial court did not have personal jurisdiction over the nonresident defendant in a child custody proceeding, and a custody order entered on 1 June 1978 was not binding on defendant, where plaintiff attempted to serve defendant with process in Illinois by registered mail, return receipt requested, but the affidavit required by Rule 4(j)(9)(b) was not filed until 19 January 1979, and the affidavit did not state that a copy of the summons and complaint was deposited in the post office by registered mail, return receipt requested.

3. **Appearance § 1.1; Infants § 5.1— child custody proceeding—full faith and credit motion—general appearance**

    Defendant made a general appearance in a child custody proceeding and submitted herself to the jurisdiction of the court by making a motion invoking the adjudicatory power of the court to determine whether full faith and credit should be given to a custody decree entered in Illinois. However, the trial court, after ruling on defendant's motion, should have permitted defendant to answer plaintiff's complaint.

4. **Constitutional Law § 26.5; Infants § 5.1— foreign interlocutory child custody order—full faith and credit**

    The trial court did not err in refusing to give full faith and credit to an Illinois divorce decree awarding child custody to defendant mother where it appears that the child custody portion of the decree was not final but was only interlocutory.

APPEAL by defendant from *Hamrick, Judge.* Order filed 5 February 1979 in District Court, CLEVELAND County. Heard in the Court of Appeals 28 November 1979.

*No counsel for plaintiff appellee.*

*Hicks & Harris, by Richard F. Harris III, for defendant appellant.*

ERWIN, Judge.

## History of the Case

Plaintiff, husband, and defendant, wife, were married on 30 April 1976 in Cook County, Illinois. One minor child was born on 3 December 1976 in Illinois. The parties separated in October 1977. Defendant had custody of the child in Illinois until plaintiff left the state with the child on 20 March 1978 without his wife's knowledge.

On 30 December 1977, plaintiff filed a Petition for Dissolution of Marriage in Illinois and requested custody of the child. The petition was served on defendant on 15 January 1978. On 13 February 1978, defendant filed a response to said petition requesting that it be denied.

On 6 April 1978, plaintiff filed a complaint against defendant in North Carolina wherein he alleged that the child was in his custody and that he was of excellent character and presently living with his parents in Shelby. Plaintiff further alleged: that defendant is unfit to have custody since she often left the child unattended; that she is now wanted by the "law" for assault on an officer; that she uses hard drugs; and that she has committed adultery. Plaintiff prayed the court to grant custody of the child to him plus divorce from bed and board. On 6 April 1978, the trial court entered an order granting plaintiff temporary custody pending full hearing on the matter to be held on 21 April 1978. The court further ordered defendant to be present at said hearing.

The record shows a certified mail receipt with the purported signature of defendant and a delivery date of 11 April 1978. (The receipt does not indicate what was delivered.)

Lynch v. Lynch

On 21 April 1978, defendant filed a Counter Petition for Dissolution of Marriage and a Petition for Temporary Child Custody, Child Support, Maintenance, Attorney's fees, and Injunctory [sic] Relief in Illinois. Therein, she alleged that plaintiff, after filing the Petition for Dissolution of Marriage in Illinois, took the child from her, fled the jurisdiction to North Carolina, and filed a divorce action in North Carolina. Defendant alleged that by plaintiff's conduct, he hoped to avoid jurisdiction of the Illinois Court wherein evidence could be presented of his bad character. She alleged that plaintiff was unfit to have custody of the child since he was guilty of habitual drunkenness, extreme mental cruelty, the use and sale of drugs, and the stealing of property. On the same day, an order was entered in the Illinois action awarding temporary custody of the child to defendant, ordering plaintiff to return the child to Illinois, and enjoining plaintiff from proceeding in the North Carolina action.

By order filed 16 May 1978 in the Illinois action, plaintiff's complaint for divorce was dismissed for want of prosecution. By order dated 30 May 1978 and filed 1 June 1978, the North Carolina Court awarded custody of the child to plaintiff. By order dated 31 May 1978 in the Illinois action, the order entered on 16 May 1978 dismissing plaintiff's complaint for divorce for want of prosecution was vacated. The Illinois Court also ordered a hearing to be held on 15 June 1978. At said hearing, an Order of Default was entered against plaintiff since he failed to answer defendant's Counter Petition for Dissolution. Also, by order dated 15 June 1978, plaintiff's attorney was allowed to withdraw as counsel in the Illinois action. After hearing defendant's evidence, the Illinois Court entered a Judgment for Dissolution of Marriage on 17 July 1978. The court ordered that defendant be given custody of the child and that plaintiff return the child to Illinois. On 11 July 1978, an order was entered dismissing plaintiff's Petition for Dissolution of Marriage for want of prosecution. The order was retroactive to 15 June 1978.

On 30 November 1978, defendant filed motions in the North Carolina action seeking to have the North Carolina action for divorce from bed and board dismissed; to have the North Carolina action either dismissed or the North Carolina orders granting custody to plaintiff set aside; and to have given to the Illinois orders granting custody of the child to her full faith and credit.

Attached to the motions were the affidavits of eight people from Illinois attesting to defendant's good character and to plaintiff's bad character.

At the hearing of defendant's motions, the eight affidavits and a certified copy of the Illinois action filed by plaintiff were presented. Plaintiff and his mother testified. Plaintiff testified: that defendant left the child alone, used drugs, and had not requested to see the child since he obtained custody; that he has had no correspondence with his Illinois counsel; and that until November 1978, he had no knowledge of any action that occurred after 15 June 1978. The trial court entered an order dismissing plaintiff's North Carolina complaint for divorce because of a residential violation and denying all other motions filed by defendant.

### Order of 6 April 1978

[1]   G.S. 50-13.5(c)(2) provided in part (prior to the 1979 amendment):

> "(2) The courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child when:
>
> a. The minor child resides, has his domicile, or is physically present in this State . . ."

The record shows that plaintiff alleged in his complaint that he is a citizen and resident of this State, and more particularly Cleveland County, and that Michael Kenneth Lynch, age 14 months and the minor child of the parties, was within the jurisdiction of this State. Plaintiff requested the court to enter an order placing the child in his custody. A temporary order was requested and was entered on 6 April 1978, the date the complaint was filed. Defendant was not served with summons prior to the entry of the temporary custody order. By reason of the above statute and G.S. 50-13.5(d)(2), the trial court had authority to enter the order in question. Better practice would require the complaint to allege facts sufficient to establish the reasons why the court should act at once. Defendant was not served. This order would not be binding on her, although the court had authority to act in the event. We affirm this order as to plaintiff and hold that such order is not binding on defendant.

### Order of 1 June 1978

[2]   The trial court found, *inter alia,* "[t]hat the defendant, Jean T. Lynch, has been served as provided by North Carolina law." Defendant excepted to this finding as well as to the conclusion of law "[t]hat the defendant has been served as provided by North Carolina General Statutes to wit registered mail." We hold that this finding of fact is not supported by the record, and the conclusion of law is in error.

G.S. 50-13.5(d)(1) and (2) provided (prior to the 1979 amendment):

> "(d) Service of Process; Notice; Interlocutory Orders.—
>
> (1) Service of process in civil actions or habeas corpus proceedings for the custody of minor children shall be as in other civil actions or habeas corpus proceedings. Motions for custody or support of a minor child in a pending action may be made on five days' notice to the other parties and compliance with G.S. 50-13.5(e).
>
> (2) If the circumstances of the case render it appropriate, upon gaining jurisdiction of the minor child the court may enter orders for the temporary custody and support of the child, pending the service of process or notice as herein provided."

G.S. 1A-1, Rule 4(j), of the Rules of Civil Procedure provided in part:

> "(9) Alternative Method of Service on Party That Cannot Otherwise Be Served or Is Not Inhabitant of or Found within State.—Any party that cannot after due diligence be served within this State in the manner heretofore prescribed in this section (j), or that is not an inhabitant of or found within this State, or is concealing his person or whereabouts to avoid service of process, or is a transient person, or one whose residence is unknown, or is a corporation incorporated under the laws of any other state or foreign country and has no agent authorized by such corporation to be served or to accept service of pro-

Lynch v. Lynch

cess, service upon the defendant may be made in the following manner:

. . . .

b. Registered or certified mail.—Any party subject to service of process under this subsection (9) may be served by mailing a copy of the summons and complaint, registered or certified mail, return receipt requested, addressed to the party to be served. Service shall be complete on the day the summons and complaint are delivered to the address, but the court in which the action is pending shall, upon motion of the party served, allow such additional time as may be necessary to afford the defendant reasonable opportunity to defend the action. Before judgment by default may be had on such service, the serving party shall file an affidavit with the court showing the circumstances warranting the use of service by registered or certified mail and averring (i) that a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested, (ii) that it was in fact received as evidenced by the attached registered or certified receipt or other evidence satisfactory to the court of delivery to the addressee and (iii) that the genuine receipt or other evidence of delivery is attached. This affidavit shall be prima facie evidence that service was made on the date disclosed therein in accordance with the requirements of this paragraph, and shall also constitute the method of proof of service of process when the party appears in the action and challenges such service upon him. This affidavit together with the return receipt signed by the person who received the mail raises a rebuttable presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process or was a person of suitable age and discre-

tion residing in the defendant's dwelling house or usual place of abode."

At the time of the 1 June 1978 order, the record shows one document purporting to prove service of process, a return receipt for certified mail, signed by defendant, dated 11 April 1978, and addressed to her at 8435 South Merrimack Street, Burbank, Chicago, Illinois. The required accompanying affidavit showing the circumstances warranting the use of service by certified mail required by G.S. 1A-1, Rule 4(j)(9)(b) was not filed until 19 January 1979. We note that the affidavit does not state that copies of the summons, complaint, and order were deposited in the post office for mail by registered or certified mail, return receipt, as required by Rule 4(j)(9)(b). Without a proper and sufficient affidavit as required, the service is fatally defective. *See Dawkins v. Dawkins*, 32 N.C. App. 497, 232 S.E. 2d 456 (1977). We hold that the trial court did not have jurisdiction over the person of defendant and that the order entered was not binding on her.

### Order of 5 February 1979

Defendant's motion filed 30 November 1978 requested the court to adjudicate the following:

"5. To find as facts that the Cook County, Illinois, court properly assumed jurisdiction to determine the custody of the minor child, that the best interests of the child and the parties would be served by having the matter disposed of in that jurisdiction, and that the Cook County, Illinois, court has entered a final divorce decree awarding custody of the child to the defendant mother, which Judgment should be given full faith and credit, and pursuant to G.S. 50-13.5(c)(5) to refuse to exercise jurisdiction and dismiss this action.

6. To give full faith and credit to the Cook County, Illinois, Judgment awarding custody to the defendant mother and to implement the Judgment by ordering the plaintiff herein to deliver the minor child to the defendant mother.

7. To treat these verified Motions as an Affidavit for all purposes herein."

[3] The first question is whether or not defendant made a special or general appearance. In order to make our determination, we

must consider G.S. 1A-1, Rule 12, of the Rules of Civil Procedure and G.S. 1-75.7 together. Rule 12 did not abolish the concept of the voluntary or general appearance, but did eliminate the special appearance, and, in lieu thereof, gave defendant the option of making the defense of lack of jurisdiction over the person by pre-answer motion or by answer. *Simms v. Stores, Inc.,* 285 N.C. 145, 203 S.E. 2d 769 (1974); *Swenson v. Thibaut,* 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *appeal dismissed,* 296 N.C. 740, 254 S.E. 2d 181 (1979); 1 Strong's N.C. Index 3d, Appearance, § 1, p. 385. The character of the appearance will determine its nature. Defendant, by motion, has invoked the adjudicatory power of the trial court to determine whether or not full faith and credit should be given to the decree from the Cook County, Illinois Court, which does not relate to the question of jurisdiction of the trial court over the person of defendant. By doing so, defendant has submitted herself to the jurisdiction of the trial court, whether she intended to do so or not. *In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848 (1951); *Swenson v. Thibaut, supra.*

[4] Defendant contends that the trial court committed error in denying her motion to find as a fact that the Illinois Court had entered a final divorce decree awarding custody of the child to defendant mother. We do not find error.

The Illinois order does not appear to be final, but interlocutory as it relates to the custody of the minor child. The order provides, *inter alia*:

"H. That MICHAEL R. LYNCH is ordered to return the minor child of the parties, MICHAEL K. LYNCH, to the State of Illinois and to the jurisdiction of this Court instanter.

I. That MICHAEL R. LYNCH is barred from visitation with the minor child of the parties until further Order of Court."

This Court state in *In re Kluttz,* 7 N.C. App. 383, 385, 172 S.E. 2d 95, 96 (1970):

"The Full Faith and Credit Clause of the United States Constitution, Article IV, § 1, does not conclusively bind the North Carolina courts to give greater effect to a decree of another state than it has in that state, or to treat as final and conclusive an order of a sister state which is interlocutory in

nature. *Rothman v. Rothman*, 6 N.C. App. 401, 170 S.E. 2d 140. The courts of this State have jurisdiction to enter orders providing for the custody of minor children when the children are physically present in this State. G.S. 50-13.5(c)(2)a. When an order for custody has been entered by a court in another state, a court of this state may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order. G.S. 50-13.7(b); *In Re Marlowe*, 268 N.C. 197, 150 S.E. 2d 204."

Assuming *arguendo* that the Illinois Court had jurisdiction, we find no error in the 5 February 1979 order of the trial court as it relates to the court's denying the request of defendant to give full faith and credit to the order of the Illinois Court.

The trial court had jurisdiction over the subject matter of this cause. Defendant's general appearance without being served with summons or any other process gave the court *in personam* jurisdiction over her. *Simms v. Stores, Inc., supra.* The trial court, after ruling on defendant's motion and with jurisdiction over her, should have permitted defendant to answer plaintiff's complaint as provided by law. The 6 April 1978 and the 1 June 1978 orders were not binding upon defendant, since she was not served, and the court did not acquire jurisdiction over her until her general appearance on her motion filed 30 November 1978. After the answer is filed, the cause should be scheduled for a *de novo* hearing on the merits of the case, the court having jurisdiction over the subject matter and the parties. *Bowman v. Malloy*, 264 N.C. 396, 141 S.E. 2d 796 (1965).

## Conclusion

The results in this case are as follow: (1) The order of 6 April 1978 is affirmed; however, it is not binding on defendant, in that she was not served with process. *See Zajicek v. Zajicek*, 12 N.C. App. 563, 183 S.E. 2d 850 (1971). (2) The order of 1 June 1978 is vacated as to the defendant. The attempted service by registered mail was fatally defective, and, thus, the court had no jurisdiction over defendant at that point in the proceedings. (3) The 5 February 1979 order is vacated, as it attempted to place custody of the minor child with plaintiff. (4) Defendant has submitted to the jurisdiction of the District Court, Cleveland County and shall have an opportunity to answer the complaint of plaintiff filed on 6

April 1978 as provided by law. (5) After defendant has been given an opportunity to file answer, this case shall be scheduled for a *de novo* hearing on the merits of the case. (6) The case is remanded for the purposes set out in this opinion.

Affirmed in part, vacated in part, and remanded.

Judges CLARK and ARNOLD concur.