HELEN R. BROADDUS v. CLARKE R. BROADDUS

No. 793DC801

(Filed 18 March 1980)

1. **Appeal and Error § 6.3— interlocutory ruling—appeal premature**

    Defendant's appeal on the ground that the trial court lacked jurisdiction over him to enter a temporary custody order was subject to dismissal, since the court's order denying defendant's motion to dismiss on that ground was an interlocutory ruling, and since defendant's appeal was not from an "adverse ruling" as to jurisdiction "over the person or property" of defendant. G.S. 1-277(b).

2. **Divorce and Alimony § 23.5— temporary custody—children in N.C.—subject matter jurisdiction in trial court**

    There was no merit to defendant's contention that the trial court lacked subject matter jurisdiction to enter its temporary order placing custody of the parties' children with the Department of Social Services and ordering it to place them with plaintiff pending a hearing on the merits, since the children were present in N. C. when the action was commenced and the temporary custody order was entered and the court obviously had personal jurisdiction over plaintiff. G.S. 50-13.5(c)(2).

APPEAL by defendant from *Wheeler, Judge.* Judgment entered 2 April 1979 in District Court, PITT County. Heard in the Court of Appeals on 29 January 1980.

This is an action for the custody of the two minor children born to the parties during their marriage to each other. In her complaint verified 30 November 1978 and filed 1 December 1978, plaintiff alleged that she and her husband, the defendant, separated on 3 April 1978; that the two children, Margaret Ann, born 25 August 1971, and Edward Clarke, born 10 October 1974, remained with her at their home in Grifton, Pitt County, North Carolina, and visited their father on weekends; that defendant

picked up the children for their weekend visit on 12 October 1978; and that she did not see them again until 29 November 1978, although she talked with them by telephone on three occasions.

Plaintiff attached to her complaint a letter which she received from defendant on 14 October 1978 in which he informed her that he was taking the children "for a very long & extended vacation"; that he could not let her "take my children"; and that he was trying to do what he thought was best for them. In telephone conversations, plaintiff learned that defendant, an employee of duPont, had been transferred to Seaford, Delaware. Plaintiff further alleged that on 29 November 1978 she went to Delaware, picked up the children, and brought them back to North Carolina.

Upon the filing of plaintiff's complaint, Chief District Court Judge Charles H. Whedbee entered an Order, dated 1 December 1978, granting temporary custody of the children to the Pitt County Department of Social Services and ordering the Department to place the children in the home of their mother pending a hearing on the merits.

On 25 January 1979 defendant filed a "Motion for Dismissal." He contended, *inter alia,* that:

1. The court lacks jurisdiction over the person of the defendant in that there exists no jurisdictional grounds for personal jurisdiction; that the court lacks jurisdiction over the person of the defendant in that it has failed to exercise said jurisdiction by service of process; and that the Order . . . dated December 1, 1978, was entered without a hearing and without notice to the defendant.

The record establishes that defendant was not served and thus, the court acquired no personal jurisdiction over him. Defendant further alleged that there was a prior pending action on the matter in Delaware at the time plaintiff filed her complaint and that the Delaware court had also entered a temporary order placing custody in defendant. That order is dated 4 December 1978.

Defendant's motion to dismiss was heard on 29 March 1979 before Judge Wheeler who made the following pertinent findings and conclusions:

FINDINGS OF FACT

(1) Plaintiff's action for custody, alimony, child support and other relief was instituted on December 1, 1978, by the filing of a Complaint in the office of the clerk of Superior Court of Pitt County, North Carolina.

(2) On December 1, 1978 pursuant to motion made by the plaintiff, an order was entered . . . directing the sheriff of Pitt County to take into his custody the two minor children of the marriage of the parties , . . . and to deliver them to the custody of the Pitt County Department of Social Services. Further, the Pitt County Department of Social Services was directed to place the children in the home of the mother, the plaintiff, pending a hearing on the merits in this case.

. . .

(7) Plaintiff's action was instituted on December 1, 1978, alleging that the children were taken from the State of Delaware by the plaintiff and returned to the State of North Carolina on or about that date. The complaint was verified on November 30, 1978 and filed on December 1, 1978 at 10:30 a.m.

(8) The defendant alleges that he, himself, telephoned the Grifton Elementary School in Pitt County on December 4, 1978, and learned that his children were in school there and that the Pitt County Department of Social Services had taken custody of them.

. . .

(10) No evidence has been presented by either side to indicate that (a) the defendant has been served with copies of pleading and other court papers in North Carolina custody case; . . .

(11) The court finds as a fact that the children were inside the State of North Carolina on the date of November 30, 1978 and December 1, 1978 at the time this action was instituted by the plaintiff. . . .

(12) Hearing on the defendant's motion to dismiss was being conducted on March 21, 1979, when the court was ad-

vised that the two minor children had been seized by parties unknown but believed to be connected with the defendant, and had been forcefully removed from their schools.

### CONCLUSIONS OF LAW

THIS COURT has jurisdiction of the plaintiff.

THIS COURT has jurisdiction of the subject matter; that is, the children, Margaret Ann Broaddus and Edward Clarke Broaddus, for that both children were inside the State of North Carolina on the date that this action for custody was instituted.

. . .

Thereupon, the court denied the defendant's motion to dismiss, and he appealed.

*Beaman, Kellum, Mills & Kafer, by James C. Mills and George M. Jennings; and David T. Greer for the plaintiff appellee.*

*Blount, Crisp & Savage, by Nelson B. Crisp and Emily P. Johnson, for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the denial of his motion to dismiss. He argues, among other things, that the court lacked jurisdiction to enter the temporary custody order on 1 December 1978 because he was not served and the court never acquired personal jurisdiction over him.

In our opinion, the defendant's appeal on this ground is subject to dismissal. The denial of a motion to dismiss is not a final determination. It is an interlocutory ruling and, ordinarily, no appeal lies therefrom. *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879 (1957); *Godley Auction Co., Inc. v. Myers,* 40 N.C. App. 570, 253 S.E. 2d 362 (1979). The statute which defines the right of appeal, G.S. § 1-277, prescribes in relevant part:

(a) An appeal may be taken from every judicial order or determination . . . upon or involving a matter of law or legal inference, . . . which affects a substantial right . . .; or which in effect determines the action, . . .

(b) Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court *over the person or property of the defendant.*
. . .

[Emphasis added.]

Subsection (b) provides an exception to the rule of law expressed in subsection (a), but this case does not fall within the exception because the trial court neither had nor pretends that it had personal jurisdiction over the defendant, and obviously the children are not his property. Thus, this is not an appeal from an "adverse ruling" as to jurisdiction "over the person or property" of the defendant. Neither is it an appeal from a final judgment or, in our opinion, from a determination "which affects a substantial right." *See Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975), which ruled that the right is substantial only where the appellant would lose the case if the order is not reviewed before final judgment. Defendant does not nor could he successfully contend that such is the case here.

[2]  In ruling that defendant's appeal is premature and thus subject to dismissal, we emphasize that his attempted appeal is taken from an interlocutory ruling respecting a temporary custody order. We elect to consider the merits of this appeal, however, for the reason that defendant contends the trial court lacked subject matter jurisdiction to enter its temporary order placing custody of the children with the Department of Social Services and ordering it to place them with the plaintiff pending a hearing of the cause on its merits. *See Kilby v. Dowdle*, 4 N.C. App. 450, 166 S.E. 2d 875 (1969). This contention plainly lacks merit. Prior to its amendment effective 1 July 1979, *see* N.C. Sess. Laws, c. 110, s. 12 (1979) [codified at G.S. § 50-13.5 (1979 Cum. Sup.)], G.S. § 50-13.5 in pertinent part provided as follows:

Procedure in actions for custody or support of minor children.

. . .

(c) Jurisdiction in Actions or Proceedings for Child Support and Child Custody.—

. . .

(2) The courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child when:

a. The minor child resides, has his domicile, or is physically present in this State, or

b. When the court has personal jurisdiction of the person, . . . having actual care, control, and custody of the minor child.

. . .

(d) Service of Process; Notice; Interlocutory Orders.—

. . .

(2) If the circumstances of the case render it appropriate, upon gaining jurisdiction of the minor child the court may enter orders for the temporary custody and support of the child, pending the service of process or notice as herein provided.

(e) . . .

(3) In the discretion of the court, failure of such service of notice shall not affect the validity of any order or judgment entered in such action or proceeding.

The record before us in this proceeding clearly supports Judge Wheeler's finding that the children were present in the State of North Carolina when this action was commenced and the temporary custody order entered on 1 December 1978. Moreover, the court obviously had personal jurisdiction over the plaintiff. Thus, the prerequisites for the court's gaining jurisdiction of the subject matter of the action under subsection (c) of the statute were met entirely. Subsection (d)(2) clearly gives the court having jurisdiction over the child the authority to enter orders for *temporary* custody pending service of process. *See Zajicek v. Zajicek*, 12 N.C. App. 563, 183 S.E. 2d 850 (1971).

The statute serves further to bolster our ruling regarding the want of personal jurisdiction over defendant. Clearly, under subsection (e)(3), the fact that defendant was not served prior to the court's entering the temporary order will not thereby render such order null and void.

The court provided that its ruling was made pending a full hearing on the merits. The constitutional guarantees respecting

notice and an opportunity to be heard would have to be accorded defendant before the issue of custody could be validly determined so as to be binding on him. The court's authority to enter the temporary custody order having been irrefutably shown, that order accordingly is

Affirmed.

Judges VAUGHN and CLARK concur.