JESSE NOAH WILLIAMS AND WIFE, ELLEN WILLIAMS, T/A SMITH-FIELD LIVESTOCK EXCHANGE, INC. v. JOHN N. DENNING, C. L. DENNING AND KENNETH WESTBROOK, T/A DENNING-WEST-BROOK OIL COMPANY, INC.

(Filed 20 November 1963.)

**1. Appeal and Error § 19—**

The exceptions must be grouped in the assignments of error. Rule 19(3).

**2. Appeal and Error § 3—**

An order striking allegations contained in a pleading is not appealable and may be reviewed prior to trial only by *certiorari*. Rule 4(a)(2).

**3. Judgments § 13—**

Judgment by default may not be entered pending the hearing of a motion to strike on the ground that the motion was not verified, since a motion is not a pleading within the meaning of G.S. 1-144.

**4. Appeal and Error § 3—**

An order allowing the filing of an amended complaint, made in the discretion of the court, is not reviewable in the absence of a showing of abuse of discretion.

APPEAL by corporate plaintiff from *Braswell, J.*, June 1963 Criminal Session of JOHNSTON.

The complaint, stripped of useless verbiage, alleges these facts: Corporate plaintiff in 1962 leased its truck to corporate defendant to haul gasoline; lessee was to pay for the use of the truck $80 per trip; it made forty-one trips for which it owed corporate plaintiff $3,280; defendant falsely and fraudulently promised to pay the agreed rental but had failed to pay; because of the failure to pay, plaintiff was entitled to recover $3,280 compensatory damages and $10,000 punitive damages; it was, by virtue of G.S. 44-1, entitled to a materialman's lien to the extent of the unpaid rental charges on all the assets of corporate defendant. The complaint was verified.

Named defendants, in apt time, filed a motion to strike ten designated portions of the complaint. The motion was not verified.

---

WILLIAMS *v.* DENNING.

---

After defendants filed their motion to strike and more than thirty days after the service of summons plaintiff moved for judgment by default final for the sum of $3,280, for that defendants' motion to strike was not verified.

Judge Braswell heard the motions. He allowed defendants' motion to strike each of the ten portions of the complaint. He denied plaintiff's motion for judgment by default final. He allowed plaintiff thirty days in which it could file an amended complaint. Corporate plaintiff excepted and appealed.

*E. R. Temple for plaintiff appellant.*

*Shepard, Spence & Mast by Norman C. Shepard for defendant appellees.*

PER CURIAM.  Plaintiff took eleven exceptions—ten to the order sustaining defendants' motion to strike, one to the refusal to allow its motion for judgment by default.

The exceptions are not grouped in the record as required by Rule 19(3) of the Court (254 N.C. 797). An order striking allegations contained in a pleading is not appealable. The remedy, if the order is deemed erroneous, is by *certiorari.* Rule 4(a) (2)  (254 N.C. 785).

Plaintiff's pleadings are a complaint, G.S. 1-121, and a reply, G.S. 1-140. Defendants pleadings are an answer and a demurrer, G.S. 1-124. A motion is an application for an order, G.S. 1-578. It is not a pleading within the meaning of G.S. 1-144. *Brownfield v. South Carolina,* 189 U.S. 426, 47 L. ed. 882.

The order allowing plaintiff to file an amended complaint and defendant time thereafter to answer was made in the court's discretion and as such is not reviewable in the absence of manifest abuse, which is not here suggested. *Osborne v. Canton,* 219 N.C. 139, 13 S.E. 2d 265.

Appeal dismissed.