JAMES F. O'NEILL, GUARDIAN AD LITEM FOR MICHAEL RAYMOND HARRIS, DAVID LEE HARRIS, BEVERLY ANN HARRIS, AND BARBARA LYNN HARRIS, MINORS; VIRGINIA LOUISE HARRIS AND CALVIN J. HARRIS, JR. v. SOUTHERN NATIONAL BANK OF NORTH CAROLINA, WHEAT FIRST SECURITIES, INC. AND JAMES R. SHIELDS

No. 7826SC269

(Filed 6 March 1979)

1. **Appeal and Error §§ 6.6, 14— motion to dismiss—interlocutory order—no appeal—time of notice of appeal**

An order denying a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief is interlocutory and not appealable. Furthermore, the appellate

court did not acquire jurisdiction over the proposed appeal where notice of appeal from the order was not given within 10 days as required by G.S. 1-279(c) and App. R. 3(c), the time for giving notice of appeal not having been tolled by appellant's motions under Rules 60(b), 52(a) and 52(b) for relief from the order.

**2. Appeal and Error § 6.7— order allowing pleading amendment—no appeal**

An order allowing amendment of a pleading is interlocutory and not appealable.

**3. Appeal and Error § 6.6; Rules of Civil Procedure § 60— motion for relief from order—inapplicability to interlocutory order**

A motion under Rule 60(b) for relief from an order denying a motion to dismiss for failure to state a claim for relief was improper since Rule 60(b) has no application to interlocutory orders and the motion was not based on any of the grounds enumerated in Rule 60(b), and the denial of the motion to dismiss was not made appealable by the improper Rule 60(b) motion or by the court's improvident consideration of the motion.

**4. Appeal and Error § 6.6; Rules of Civil Procedure § 52— order denying motion to dismiss—findings not required**

The trial court was not required to make findings of fact and conclusions of law with respect to an unappealable interlocutory order denying a motion to dismiss for failure to state a claim for relief, and the court's entry of findings and conclusions was gratuitous and surplusage and did not render the interlocutory order appealable. G.S. 1A-1, Rules 52(a) and (b).

**5. Gifts § 1.2; Trover and Conversion § 3— stock held by custodian under Gifts to Minors Act—use as collateral for personal loan—sale by bank**

Plaintiffs stated a claim for relief against defendant bank where they alleged that they were the owners of stock held by a custodian under the N.C. Uniform Gifts to Minors Act, that the bank accepted the stock as security for a personal loan to the custodian, and that the bank thereafter caused the stock to the sold and the proceeds applied to the custodian's debt.

APPEAL by defendant Southern National Bank from Orders of *Griffin, Judge* entered 4 January 1978 and 10 January 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 11 January 1979.

This is a civil action wherein plaintiffs have alleged that they were the owners of certain stock; that Calvin J. Harris held the stock as custodian under the North Carolina Uniform Gifts to Minors Act; that Calvin J. Harris for his own purposes borrowed $293,300 from the defendant Southern National Bank ("Bank") and deposited the stock as collateral security for the debt without the knowledge and consent of the plaintiffs; that the defendant accepted the stock as security with complete knowledge that the

O'Neill v. Bank

loan was for Calvin J. Harris' own purposes; that on 28 June 1974, without notice to the plaintiffs, and without their knowledge and consent, the Bank caused the stock to be sold and the proceeds applied against the debt; that the acts of the Bank amounted to a breach of trust, conversion, negligence, and reckless indifference on the part of the defendant. On 22 July 1977, the Bank filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to G.S. § 1A-1, Rule 12(b)(6). On 28 December 1977, plaintiffs, pursuant to Rule 15(a), filed a "motion to amend amended complaint." On 4 January 1978, Judge Kenneth Griffin entered an Order denying the Bank's Rule 12(b)(6) motion to dismiss. On 6 January 1978, the Bank filed a motion pursuant to Rules 60(b), 52(a), and 52(b) "for relief from the 'Order' entered by the Court in this action on January 4, 1978" and for the trial judge "to enter findings of fact and conclusions of law." On 10 January 1978, the trial court entered an Order (1) allowing the plaintiffs to further amend their complaint, (2) denying the Bank's Rule 60(b) motion "for relief from the Order previously entered," and (3) treating the Bank's motion "for findings of fact and conclusions of law" as a "request for such." Judge Griffin entered separate findings of fact and conclusions of law on 10 January 1978 wherein he concluded that "the claims for relief in the Plaintiff's Amended Complaint, as amended, seeking relief from the Defendant Southern National Bank are not barred as a matter of law by North Carolina General Statute § 33-73."

On 16 January 1978, the Bank filed a notice of appeal "from the Orders of the Honorable Kenneth A. Griffin . . . dated January 4, 1978 and January 10, 1978, and from the Findings of Fact and Conclusions of Law of the Honorable Kenneth A. Griffin . . . dated January 10, 1978."

*Mraz, Aycock, Casstevens & Davis, by John A. Mraz, for the plaintiff appellees.*

*Fleming, Robinson & Bradshaw, by Michael A. Almond, for defendant appellant Southern National Bank.*

HEDRICK, Judge.

[1] We first consider the Bank's purported appeal based on an exception to the 4 January 1978 Order denying the Bank's Rule 12(b)(6) motion to dismiss plaintiff's complaint for failure to state a

claim upon which relief can be granted. An Order denying a Rule 12(b)(6) motion is interlocutory and clearly not appealable. G.S. § 1-277; *Smith v. State,* 289 N.C. 303, 222 S.E. 2d 412 (1976); *North Carolina Consumers Power, Inc. v. Duke Power Co.,* 285 N.C. 434, 206 S.E. 2d 178 (1974); *Acorn v. Jones Knitting Corp.,* 12 N.C. App. 266, 182 S.E. 2d 862 (1971). Furthermore, the record discloses that the defendant did not give notice of appeal from the Order entered 4 January 1978 within ten days as required by G.S. § 1-279(c) and Rule 3(c) of the Rules of Appellate Procedure. The provisions of G.S. § 1-279 are jurisdictional, and unless they are complied with the appellate court acquires no jurisdiction of an appeal and must dismiss it. *Teague v. Teague,* 266 N.C. 320, 146 S.E. 2d 87 (1966); *Giannitrapani v. Duke University,* 30 N.C. App. 667, 228 S.E. 2d 46 (1976); *Brooks v. Matthews,* 29 N.C. App. 614, 225 S.E. 2d 159 (1976). *See also* Rule 1(b) of the Rules of Appellate Procedure. The time for taking an appeal may not be enlarged by the appellate courts. *Giannitrapani v. Duke University, supra;* Rule 27(c) of the Rules of Appellate Procedure. Nor did the filing by defendant of its motion, hereinafter discussed, on 6 January 1978 "[p]ursuant to [Rules] 60(b), 52(a), and 52(b)" toll the running of time within which to file notice of appeal under G.S. § 1-279(c) or Rule 3(c) of the Rules of Appellate Procedure, since motions pursuant to these rules apply only to final judgments and orders and clearly have no application to interlocutory orders such as the Order entered 4 January 1978 denying the Bank's motion to dismiss. *See Sherwood v. Sherwood,* 29 N.C. App. 112, 223 S.E. 2d 509 (1976).

[2]  We next consider the Bank's purported appeal based on an exception to the portion of Judge Griffin's Order entered 10 January 1978 allowing plaintiffs to amend their complaint. An order allowing amendment of a pleading is interlocutory and not appealable. *Williams v. Denning,* 260 N.C. 539, 133 S.E. 2d 150 (1963); *Order of Masons v. Order of Masons,* 225 N.C. 561, 35 S.E. 2d 613 (1945); *Funderburk v. Justice,* 25 N.C. App. 655, 214 S.E. 2d 310 (1975).

[3]  The Bank next purports to appeal from the denial of its Rule 60(b) motion for relief from the Order entered on 4 January 1978. Rule 60(b) has no application to interlocutory orders; by its express terms it applies only to final judgments and orders. *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975); 7 Moore's Federal

Practice, ¶ 60.20 (1978); 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2852 (1973). Since the denial of a Rule 12(b)(6) motion to dismiss is not a final judgment or order, the Bank's motion for relief from the Order entered 4 January 1978, could not, as a matter of law, have been proper under Rule 60(b), and the trial court should not have considered the motion. *Sink v. Easter*, *supra*.

Furthermore, the Bank did not seek relief from the Order denying its motion to dismiss on any of the grounds enumerated in Rule 60(b), and the motion was also improper for that reason. A motion under Rule 60(b) cannot be a substitute for appellate review, *In re Brown*, 23 N.C. App. 109, 208 S.E. 2d 282 (1974), and the denial of a Rule 12(b)(6) motion is obviously not made appealable by a motion for relief from a final judgment or order under Rule 60(b) which is improperly made by a party to the proceeding and improvidently considered by the trial judge.

[4] Finally, we consider the Bank's purported appeal from the findings of fact and conclusions of law entered by the trial judge. The Bank, pursuant to Rules 52(a) and 52(b) requested that the court make findings and conclusions with respect to its denial of the Bank's motion to dismiss. Rule 52(b) concerns amendments to the findings and conclusions relating to a final judgment, and obviously has no application with respect to interlocutory orders where findings and conclusions are neither made nor required. Rule 52(a)(2) requires the trial judge to make findings and conclusions "on decisions of any motion or order ex mero motu only when requested by a party and as provided by Rule 41(b)." The purpose for requiring findings of fact and conclusions of law is to allow meaningful review by the appellate courts. *Jones v. Murdock*, 20 N.C. App. 746, 203 S.E. 2d 102 (1974). Consequently, a trial judge is not required to make findings and conclusions with respect to an interlocutory order that is not appealable, such as is the case with the denial of a Rule 12(b)(6) motion to dismiss. *See* 5A Moore's Federal Practice ¶ 52.08 (1978); 9 Wright &, Miller, *Federal Practice & Procedure: Civil* § 2574 (1973). Hence, the trial court's entry of "Findings of Fact and Conclusions of Law" with respect to its denial of the Bank's motion to dismiss was merely gratuitous and surplusage, and does not afford grounds for appellate review of an interlocutory order that is otherwise not appealable. Additionally, the Bank's motion made pursuant to

Rule 52(a) and (b) for the court to make findings and conclusions with respect to the denial of the Rule 12(b)(6) motion was just as improper as the Bank's Rule 60(b) motion and was also improvidently considered and erroneously granted.

[5]   The only question argued by the Bank in its brief is that the trial judge erred in denying its Rule 12(b)(6) motion to dismiss. In North Carolina a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim, or in the disclosure of some fact that will necessarily defeat the claim. A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts that could be proved in support of the claim. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970); *Gallimore v. Sink*, 27 N.C. App. 65, 218 S.E. 2d 181 (1975). In our opinion, the 4 January 1978 Order denying the Bank's Rule 12(b)(6) motion was proper.

The result is: the appeal from the Order entered 4 January 1978 denying the Bank's Rule 12(b)(6) motion to dismiss and extending the time for defendant to answer is dismissed; the appeal from the 10 January 1978 Order allowing plaintiff to amend its complaint is dismissed; the 10 January 1978 Order denying Bank's Rule 60(b) motion is vacated; and the 10 January 1978 Order making findings and conclusions with respect to the Bank's motion to dismiss is vacated and the cause is remanded to the superior court for further proceedings.

Dismissed in part; vacated in part; and remanded.

Judges VAUGHN and CLARK concur.