Williford v. Williford

---

---

M.G. WILLIFORD v. SALLIE WILLIFORD

No. 806DC683

(Filed 3 March 1981)

**Appeal and Error § 14; Rules of Civil Procedure § 59– letter to clerk of court – no notice of appeal – motion for new trial**

Defendant's letter to the clerk of court was not a written notice of appeal of a divorce judgment showing that defendant sought a review by the Court of Appeals but was a Rule 59 motion for a new trial, and the trial court had no authority to cause an appeal to be entered for the defendant absent her request.

PURPORTED appeal by defendant from *McCoy, Judge.* Judgment entered 21 April 1980 in District Court, BERTIE County. Heard in the Court of Appeals 5 February 1981.

On 31 December 1979 plaintiff filed and properly served his complaint for divorce from defendant based upon one year's separation. Upon defendant's letter-motion, the court granted her an extension of time until 29 February 1980 in which to file her answer. On 13 February 1980 defendant filed with the court a letter written by her to plaintiff's attorneys. This letter stated that she could not give her husband a divorce for many reasons. On 17 March 1980 defendant filed another letter-motion stating she needed a six-month extension of time.

On 21 April 1980 plaintiff was granted a divorce. The defendant was not present. Defendant gave written notice by letter on 24 April 1980 that she wanted a new trial.

*Pritchett, Cooke & Burch, by Stephen R. Burch, for the plaintiff-appellee.*

*Brandon and Cannon, by Thomas B. Brandon, III, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

On 22 April 1980, defendant wrote a letter to the Clerk of Superior Court, designated in the record as "Defendant's Written Notice of Appeal," which is as follows:

Mr. Hommy
Clerk of Superior Court
Dear Sir:

I am writing this (as Judge McCoy told me to) requesting the "Decision" made by him on Monday 21st of this week, granting my husband an absolute divorce (from a wife of 40 yrs.) to be set aside, and to give me the right to be present at a new hearing, and the time to secure an attorney (a real one this time, not a "fake") to file a countersuit in my behalf.

I feel my rights as an American citizen were taken from me, since I was in bed bleeding internally & loosing to much

fluid from a perforated ulcer, & could not be there & could get no word to the Court stating my predicament.

I learned from my so called lawyer, but mostly from my own knowledge, that the case was already sealed and the Decision made by hearsay before the Judge announced it publicly. I feel I could get a better judgment from another county (one of my choosing) where no one perticapating knew either myself or my husband and with it being held without *outsiders* (Private) Maybe even in a judges chamber.

Thanking you I am

Yours sincerely,

s/ SALLY W. WILLIFORD
Rt. 3, Box 97
Windsor, N.C. 27983

I would like no one to know the time or place *except me* until the day of the hearing-

An order entered by the trial court, signed and filed 28 April 1980 reads as follows:

This matter coming on to be heard and being heard for the undersigned on April 28, 1980 Session of Bertie County District Court and the Court finds as a fact, the defendant, Sally Williford, entered written Notice of Appeal to the North Carolina Court of Appeals in the above captioned case on April 24, 1980.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the defendant have twenty (20) days from this date to file case on Appeal and the plaintiff will have fifteen (15) days to file counterclaim.

Appeal bond is set at $300.00.

This the 28 day of April, 1980.

s/ H. PAUL McCOY, JR.
Judge

The record on appeal discloses that defendant did not give oral notice of appeal at the trial and that the letter to the clerk

In re Meaut

was not a written notice of appeal showing that defendant sought a review by this court. N.C. Gen. Stat. § 1-279(d); Rule 3(d), N.C. Rules App. Proc. The trial court had no authority to cause an appeal to be entered for the defendant absent her request. N.C. Gen. Stat. § 1-279(a); Rule 3(a), N.C. Rules App. Proc. "The provisions of G.S. § 1-279 are jurisdictional, and unless they are complied with the appellate court acquires no jurisdiction of an appeal and must dismiss it." *O'Neill v. Bank*, 40 N.C. App. 227, 230, 252 S.E. 2d 231, 233 (1979).

We note, however, that if it was anything, defendant's letter was a motion in the cause for Judge McCoy to set aside the verdict and order a new trial. N.C. Gen. Stat. § 1A-1, Rule 59. It was Judge McCoy's duty to pass on the motion, if in fact he determined that the letter was a Rule 59 motion for a new trial, rather than to treat the letter as a notice of appeal. If defendant's letter is in reality a motion in the cause for a new trial, it has tolled the time for defendant to file and serve a notice of appeal. N.C. Gen. Stat. § 1-279(c); Rule 3(c), N.C. Rules App. Proc.

For the reasons stated above, we must dismiss the purported appeal.

Appeal dismissed.

Judges HEDRICK and CLARK concur.