MICHAEL HOLLERBACH, PLAINTIFF v. MONIQUE HOLLERBACH, DEFENDANT AND THIRD-PARTY PLAINTIFF v. CRAFTLINE CONSTRUCTION, INC., THIRD-PARTY DEFENDANT

No. 8711SC940

(Filed 31 May 1988)

**Rules of Civil Procedure § 52; Receivers § 2— additional compensation for receiver —ruling based on evidence in entirely separate matter—insufficient basis for findings**

The trial court erred in denying petitioner's request for additional compensation for his services as receiver of plaintiff's corporation where the court's order was based on evidence presented at a hearing on an entirely different matter; petitioner was not a party to that action and had not been notified that evidence at that hearing would be considered by the trial court in deciding whether to grant his motion for additional compensation; and petitioner had no opportunity to rebut the evidence or present additional evidence.

APPEAL by petitioner from *Bowen (Wiley F.), Judge*. Order entered 13 March 1987 in Superior Court, LEE County. Heard in the Court of Appeals 2 March 1988.

On 19 August 1983 plaintiff filed a complaint seeking divorce from bed and board from defendant and joint custody of their minor children. Defendant filed an answer and third-party complaint against Craftline Construction, Inc., alleging that all of the assets of the corporation were marital property (plaintiff is the sole shareholder) and seeking a temporary restraining order preventing plaintiff from dissipating these assets.

Defendant filed a motion to transfer the action to superior court and to appoint a corporate receiver for Craftline, alleging

that the corporation was either insolvent or in immediate danger of insolvency. Plaintiff joined in the motion to appoint a receiver.

On 1 August 1984 the court appointed attorney Richard B. Hager (petitioner) as receiver. The appointment authorized Hager to take certain actions on behalf of the corporation, including in part the following:

> . . . said Receiver be and he is hereby authorized and directed, until the further orders of this Court, to continue the operations of Craftline Construction, Inc. as a going concern and, insofar as practical, to complete all existing construction contracts and projects presently outstanding, and for that purpose to employ such personnel and assets of the corporation, and to do and perform such other matters and things as may be reasonably necessary for the performance of his duties as herein set forth.
>
> . . .
>
> IT IS FURTHER ORDERED that the Receiver may in his discretion and without the further order of the Court, if funds in his hands from other sources are not available for such purpose, borrow money as such Receiver to the extent that it is necessary for the preservation and protection of the estate in his possession and as security for such money so borrowed to execute in his name as Receiver notes, security agreements and otherwise pledge the assets of the estate.

Pursuant to this grant of authority petitioner ran the corporation for approximately two years. During this time the court allowed petitioner's motion for reasonable compensation for his services as receiver and awarded him $19,699.25 for fees and expenses.

Petitioner moved to resign as receiver on 28 May 1986 and sought additional compensation for his services. On 29 May 1986 several creditors informed the court that their pre-receivership claims were still unpaid. The court then ordered petitioner to "immediately cease and desist all activities as receiver for Craftline Construction, Inc." and removed him as receiver. Charles W. Jeffries, C.P.A. was appointed as the new receiver and instructed to conduct an audit. The court did not rule on petitioner's request

for additional compensation when it removed him as receiver. On 22 December 1986, the court notified petitioner that it was inclined to deny his motion for additional fees based upon the information before the court to date, unless the petitioner could show cause for additional fees.

After another request by petitioner on 31 December 1986 the court agreed to hold a hearing on his request for additional compensation on 23 January 1987. Petitioner did not introduce any new evidence at this hearing but directed the court's attention to the report he had filed with his motion. This report contained a detailed accounting of Craftline's receipts and disbursements during his receivership and a list of duties performed. No order was entered at this time.

On 3 February 1987 the court held another hearing. This hearing was requested by Charles Casper, president of Greater Carolina Construction Co. Apparently during his receivership, petitioner agreed to pay Casper 3 percent of the gross value of each contract which plaintiff executed with landowners referred to him by Casper. After petitioner was removed as receiver, Casper presented a claim for $39,571.40 to Jeffries representing nineteen such referrals. Jeffries refused to pay the claim and Casper moved the court to hold a hearing to determine its validity. Petitioner was present at this hearing, but was not a party. He was not notified that any evidence would be considered by the court on the question of additional receiver fees.

On 13 March 1987 the court entered an order denying petitioner's request for additional compensation. The court's findings of fact, however, contained evidence introduced at the 3 February hearing on Casper's claim. Many of these findings relate to business dealings between Casper and petitioner. The only evidence of these transactions was introduced in the hearing on 3 February 1987 on Casper's claim.

*Bailey & Dixon, by Gary S. Parsons and Patricia P. Kerner, attorneys for petitioner-appellant.*

*Gerald E. Shaw and Moretz & Silverman, by J. Douglas Moretz and Jonathan Silverman, attorneys for receiver-appellee.*

ORR, Judge.

Petitioner contends the trial court erred in considering evidence introduced at the hearing on 3 February 1987 as a basis in its order for denying petitioner additional compensation. We agree.

Where a trial court sitting without a jury makes findings of fact, the sufficiency of those facts to support the judgment may be raised on appeal. *Little v. Little,* 9 N.C. App. 361, 176 S.E. 2d 521 (1970). The standard by which we review the findings is whether any competent evidence exists in the record to support them. *Id.*

Here the trial court made findings relating to an entirely different issue than that properly before the court. These unnecessary findings related to the validity of Casper's claim and the business dealings underlying them. As stated above, these business dealings came to light at the 3 February hearing, and were not in the record before that time.

Although petitioner was present at the 3 February hearing on the validity of Casper's claim, petitioner was not a party to that proceeding and had not been notified that evidence at this hearing would be considered by the trial court in deciding whether to grant his motion for additional compensation. Thus he had no motive to cross-examine witnesses or introduce rebuttal evidence.

When issues of fact are tried by the trial court, it must state its findings and conclusions separately. *Knutton v. Cofield,* 273 N.C. 355, 359, 160 S.E. 2d 29, 33 (1968). It is the trial court's duty to consider all competent evidence before it. *Id.* (citation omitted). At the 23 January 1987 hearing the trial court had no evidence before it other than petitioner's report.

The trial court erred in considering evidence presented at the 3 February 1987 hearing because this evidence was not before it on 23 January 1987, and petitioner had no opportunity to rebut the evidence or present additional evidence. *See* N.C.G.S. § 1A-1, Rule 52 (1983); *Quick v. Quick,* 305 N.C. 446, 290 S.E. 2d 653 (1982) (Rule 52(a) requires that findings of fact be established by evidence, admissions, and stipulations determinative of the issues involved in the action).

The remaining assignments of error need not be addressed at this time pending the outcome of a new hearing. We vacate the trial court's order and remand this matter to the Lee County Superior Court and instruct it to conduct a new hearing on petitioner's claim for additional compensation not inconsistent with this opinion.

Remanded.

Chief Judge HEDRICK and Judge JOHNSON concur.