STATESVILLE STAINED GLASS, INC. v. T. E. LANE CONSTRUCTION & SUPPLY CO., INC., TERRENCE E. LANE, INDIVIDUALLY, AND TEMPLE CONSTRUCTION CO., INC.

No. 9222SC555

(Filed 15 June 1993)

1. **Corporations § 5 (NCI4th)— piercing the corporate veil— evidence not sufficient**

    The trial court erred by concluding that a corporate entity should be disregarded where plaintiff furnished stained glass to T. E. Lane Construction Company for churches which Lane was building; plaintiff's invoices indicated payment due for work sold to T. E. Lane Construction Company; Lane, the sole shareholder and chief executive officer, dissolved Lane Construction; plaintiff received no more payments; Lane subsequently organized Temple Construction, of which he was the sole shareholder, president, and chief executive officer, which was in the business of constructing commercial buildings and churches; and the trial court concluded that piercing the corporate veil was justified and entered a judgment for defendants. The trial court's findings are supported by the evidence, but that evidence cannot provide the basis for the court's conclusion. The evidence establishes and the parties stipulated that plaintiff contracted with Lane Construction, not Lane individually, plaintiff's invoices were to Lane Construction, and plaintiff presented no evidence that Lane used Lane Construction to conduct personal business or for personal benefit. Plaintiff's bare assertion that Lane used Lane Construction to defraud plaintiff, without supporting evidence, does not support the court's conclusion that Lane exercised excessive control of Lane Construction at least partly to escape liability in violation of plaintiff's rights. Furthermore, the determination that the corporate entity of Temple Construction should be disregarded is contrary to law because both of plaintiff's contracts were with Lane Construction, not Temple Construction.

    **Am Jur 2d, Corporations §§ 43-45.**

2. **Corporations § 227 (NCI4th)— successor corporation—liability for debts of first corporation—no transfer of assets**

    The trial court's determination that Temple Construction was a successor corporation to Lane Construction and is

therefore liable for Lane's debts was not supported by the evidence where there was no evidence whatsoever of any transfer of assets from Lane Construction to Temple Construction. In order to become liable as a successor corporation for the debts of another corporation, there must *at a minimum* be a transfer of assets from the old corporation to the transferee corporation.

**Am Jur 2d, Corporations §§ 2704-2722.**

Appeal by defendants from judgment entered 13 February 1992 in Iredell County Superior Court by Judge James M. Webb. Heard in the Court of Appeals 28 April 1993.

*Pressly & Thomas, P.A., by Edwin A. Pressly, for plaintiff-appellee.*

*James H. Toms & Associates, P.A., by James H. Toms and Christopher A. Bomba, for defendant-appellants.*

GREENE, Judge.

Defendants T.E. Lane Construction & Supply Co., Inc., Terrence E. Lane, individually, and Temple Construction Co., Inc. appeal from a judgment of the trial court entered against defendants, jointly and severally, in the amount of $15,374.00 on 13 February 1992.[1]

The record establishes that in 1978, defendant Terrence E. Lane (Lane), as initial incorporator, established defendant T.E. Lane Construction and Supply Co., Inc. (Lane Construction). According to its articles of incorporation, Lane Construction engages in the business of constructing commercial buildings. In 1986, Lane Construction built two churches in Georgia and South Carolina, and plaintiff manufactured stained glass in connection with this construction. Plaintiff's invoices for both jobs indicate payment due for work "sold to T.E. Lane Construction Company." Lane Construction paid plaintiff a portion of the money owed. On 1 July 1989, Lane, the sole shareholder and chief executive officer of Lane Construction, dissolved Lane Construction. Since then, despite repeated demands by plaintiff, no further payments have been

---

1. Defendant T.E. Lane Construction & Supply Co., Inc. asserts no ground for reversal of the judgment against it; therefore, we leave undisturbed the judgment against this defendant.

made to plaintiff. On 13 July 1989, Lane organized defendant Temple Construction Co., Inc. (Temple Construction), of which Lane is president and chief executive officer and the sole shareholder, and which is in the business of constructing commercial buildings, including churches.

On 15 February 1990, plaintiff filed a complaint against defendants seeking $15,374.00, the balance due for the work performed by plaintiff on the churches. A bench trial was held on 3 February 1992, at which plaintiff presented one witness and fourteen exhibits. Defendants moved for a directed verdict at the close of plaintiff's evidence, which was denied. Defendants presented no evidence. The trial court made the following pertinent findings and conclusions:

3. At all times herein, plaintiff dealt with Lane, and the documents were signed between plaintiff and Lane with Lane signing them on behalf of T.E. Lane Construction & Supply Co., Inc. . . .

4. Following the completion of its work by plaintiff, Lane, as the chief executive officer, the sole shareholder and the controller of T.E. Lane Construction & Supply Co., Inc., caused said corporation to go out of business and dissolve as of July 1, 1989. Simultaneously therewith, Lane created a second business, defendant Temple Construction Co., Inc., which came into being pursuant to its Articles of Incorporation filed July 13, 1989.

5. These two businesses . . . were companies organized to do identical business activities; Lane is and was the sole shareholder for both companies as well as the sole director, chief executive officer and the president of both companies. Neither companies paid any dividends. T.E. Lane Construction & Supply Co., Inc., went out of business owing debts in connection with its business enterprise, and the successor company, Temple Construction Co., Inc., was capitalized by Lane's promise to pay $4000.00 for stock. There are no records showing any officer other than Lane or that anyone other than Lane has conducted any business or activities on behalf of either defendant corporation.

. . . .

7. It is . . . clear that Lane sought to escape liability to plaintiff by dissolving defendant T.E. Lane Construction

STATESVILLE STAINED GLASS v. T. E. LANE CONSTRUCTION & SUPPLY

[110 N.C. App. 592 (1993)]

& Supply Co., Inc., and by creating the new successive company, Temple Construction Co., Inc., immediately thereafter. There may have been other business reasons for this change; however, no evidence was offered by defendants to shed further light on this subject.

8. Plaintiff has been damaged in that it has been unable to collect its debt for its work from its judgment rendered against defendant T.E. Lane Construction & Supply Co., Inc., and, therefore, has been proximately harmed by the actions of Lane.

9. The new successor corporation, defendant Temple Construction Co., Inc., was inadequately capitalized in issuing stock to Lane in exchange for Lane's promise to pay at a later time money into the corporation for late stock.

From the foregoing findings, the court made the following conclusions of law:

1. Lane completely dominated the two defendant corporations with regard to finance, policy and business practices to the extent that neither corporation had any will or existence separate and apart from Lane.

2. Lane exercised excessive control on the two defendant corporations, at least partially, in order to escape liability in violation of the plaintiff's rights.

3. The actions of Lane through the two defendant corporations were improper and proximately caused the injury to the plaintiff by prohibiting plaintiff from recovering its monies due.

4. The stock control as exercised by Lane justifies piercing the corporate veil of both defendant corporations, and justifies treating the liability owed to plaintiff jointly and severally against each defendant.

The trial court entered a judgment against defendants, jointly and severally, in the amount of $15,374.00. From this judgment, defendants appeal.

———————————

The issues presented are whether (I) even if the evidence supports the trial court's findings regarding the degree of Lane's

involvement in Lane Construction and Temple Construction, the court's conclusions therefrom are contrary to law; and (II) there is evidence in the record to support the trial court's finding that Temple Construction is a successor corporation to Lane Construction and therefore liable for its debts.

In an action tried without a jury, the court is required to find facts, state separately its conclusions of law, and enter judgment accordingly. N.C.G.S. § 1A-1, Rule 52(a)(1) (1990). It is well established that the court's findings must be supported by competent evidence in the record in order to be upheld on appeal. *Hollerbach v. Hollerbach*, 90 N.C. App. 384, 387, 368 S.E.2d 413, 415 (1988). Furthermore, the court's conclusions must be based on the facts found by the court and must be reached by an application of fixed rules of law. *Farmers Bank v. Michael T. Brown Distribs., Inc.*, 307 N.C. 342, 346, 298 S.E.2d 357, 359 (1983).

I

*Terrence E. Lane, Individually*

[1]  Defendants argue that the trial court erroneously concluded that the evidence supports disregarding the corporate entities of both Lane Construction and Temple Construction. We agree.

In North Carolina, our courts "will disregard the corporate form or 'pierce the corporate veil,' and extend liability for corporate obligations beyond the confines of a corporation's separate entity, whenever necessary to prevent fraud or achieve equity." *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985). When a

> corporation is so operated that it is a mere instrumentality or alter ego of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State, the corporate entity will be disregarded and the corporation and the shareholder treated as one and the same person, it being immaterial whether the sole or dominant shareholder is an individual or another corporation.

*Henderson v. Security Mortgage and Fin. Co.*, 273 N.C. 253, 260, 160 S.E.2d 39, 44 (1968). In order to disregard the corporate entity under the aforementioned "instrumentality rule," the court must determine the existence of the following elements:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and

business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Glenn*, 313 N.C. at 455, 329 S.E.2d at 330.

Our Legislature recognizes, however, that the acquisition of the entire capital stock of a corporation by one person, standing alone, does not affect the corporate entity. *See* N.C.G.S. § 55-2-03(c) (1990) (no provision in North Carolina Business Corporation Act or any prior act shall be construed to require that a corporation have more than one shareholder); *accord Waff Bros. v. Bank of North Carolina, N.A.*, 289 N.C. 198, 210, 221 S.E.2d 273, 280 (1976); Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 2.10, at 40 (1990). Moreover, "[i]n a close corporation, the principal or sole stockholder [is] permitted by law to play an active role in management, [and] may deal with third parties without incurring personal liability, as long as the separate corporate identity is maintained." 18 Am. Jur. 2d *Corporations* § 45 (1985). In cases arising out of contracts with a close corporation, where another party has voluntarily dealt with the corporation, corporate separateness is usually respected. 1 F. Hodge O'Neal and Robert B. Thompson, *O'Neal's Close Corporations* § 1.10, at 49 (3d ed. 1992). This is so because "[i]f the other contracting party has agreed to look to the corporation, and thus only to the assets that have been contributed to it, courts understandably are reluctant to remake the bargain by permitting the other party to pierce the corporate veil and pursue the shareholders' noncorporate assets." *Id.*

In the instant case, with certain exceptions not material to the disposition of this case, the court's findings regarding Lane's involvement in Lane Construction are supported by the evidence. Based on the evidence in the record, Lane was the chief executive officer, sole shareholder, and "controller" of Lane Construction. The evidence also supports the court's findings that plaintiff at all times dealt with Lane, and that Lane dissolved Lane Construc-

tion in July, 1989, at which time Lane Construction owed business debts. However, these findings, even though supported by the evidence, cannot provide the basis for the court's conclusion of law that "[Lane Construction] had [no] will or existence separate and apart from Lane," or that "[t]he stock control as exercised by Lane justifies piercing the corporate veil of [Lane Construction]." The evidence establishes and the parties stipulated that plaintiff contracted with Lane Construction—not Lane individually— to manufacture stained glass for the two church projects. Plaintiff's invoices indicate payment due for work "sold to T.E. Lane Construction Company." In addition, plaintiff presented no evidence that Lane used Lane Construction to conduct personal business or for personal benefit. *See generally* 18 Am. Jur. 2d *Corporations* § 48. Furthermore, plaintiff's bare assertion that Lane used Lane Construction to defraud plaintiff, without supporting evidence, does not support the court's conclusion that "Lane exercised excessive control on [Lane Construction], at least partially, in order to escape liability in violation of plaintiff's rights." To the contrary, the evidence presented by plaintiff shows only that Lane and the other members of the board of directors agreed to dissolve Lane Construction due to the financial condition of the corporation, and that its assets were liquidated to help pay off company debts. Our review of the evidence reveals that the trial court erred in concluding that the corporate entity of Lane Construction should be disregarded.

Furthermore, the evidence establishes that both of plaintiff's contracts were with Lane Construction and that plaintiff did not contract to provide stained glass to Temple Construction. Therefore, the court's determination that the corporate entity of Temple Construction should be disregarded is contrary to law. *See Glenn*, 313 N.C. at 454, 329 S.E.2d at 330 (there must exist a corporate obligation before court can achieve equity by piercing the corporate veil).

## II

### *Temple Construction*

[2]   Defendant Temple Construction argues that the trial court's determination that Temple Construction is a successor corporation to Lane Construction, and therefore is liable for the debts of Lane Construction, is not supported by the evidence. We agree.

**HOPE v. CHARLOTTE-MECKLENBURG BD. OF EDUCATION**

[110 N.C. App. 599 (1993)]

In order to become liable as a successor corporation for the debts of another corporation, there must *at a minimum* be a transfer of assets from the old corporation to the transferee corporation. *See Budd Tire Corp. v. Pierce Tire Co.*, 90 N.C. App. 684, 687, 370 S.E.2d 267, 269 (1988). In the instant case, plaintiff presented no evidence whatsoever of any transfer of assets from Lane Construction to Temple Construction. Therefore, the trial court's finding that Temple Construction is a successor corporation to Lane Construction cannot be sustained.

Based on the foregoing, the judgment of the trial court against Terrence E. Lane, individually, and against Temple Construction Co., Inc. is reversed. The judgment against T.E. Lane Construction & Supply Co., Inc. is affirmed.

Affirmed in part and reversed in part.

Judges WELLS and WYNN concur.