NUTEK CUSTOM HOSIERY, INC., Plaintiff v. JUDY ROEBUCK d/b/a
ROEBUCK HOSIERY, Defendant

No. COA02-1503

(Filed 4 November 2003)

**Corporations— corporate president—personal liability for
purchase of goods and services**

> A defendant in a contract action entered into the contract for
> her own benefit and could not use the corporation of which she
> was president and majority owner as a shield. Although there was
> evidence to the contrary, there was evidence supporting the trial
> court's finding of fact that defendant personally contracted for
> the goods and services at issue.

Appeal by defendant from judgment entered 28 May 2002 by
Judge Timothy S. Kincaid in Catawba County Superior Court. Heard
in the Court of Appeals 27 August 2003.

*Sigmon, Clark Mackie, Hutton, Hanvey & Ferrell, P.A., by
Warren A. Hutton, for plaintiff appellee.*

*LeCroy Ayers & Willcox, PLLC, by M. Alan LeCroy, for defend-
ant appellant.*

TIMMONS-GOODSON, Judge.

Judy Roebuck d/b/a Roebuck Hosiery ("defendant") appeals from
a judgment of the trial court granting damages resulting from a
breach of contract, the interest thereon, and attorney's fees to Nutek
Custom Hosiery, Inc. ("plaintiff"). For the reasons stated below, we
affirm the judgment of the trial court.

The pertinent facts of the instant appeal are as follows. Plaintiff
is a hosiery company owned by Quince Lee Spencer ("Spencer").
Defendant is the majority owner of the hosiery company, Roebuck
Sports, Inc. ("Sports").

Sports incorporated on 3 August 1981 and administratively dis-
solved on 1 April 1998. Defendant has acted as Sports' registered
agent since 1994. Defendant became president of Sports in 1998.

In October of 1999, defendant requested Spencer's help in obtain-
ing yarn to fulfill her business obligations. Defendant and Spencer
testified that they knew each other personally before the onset of this

litigation. Spencer further testified that he had knowledge of defendant's current financial difficulties and agreed to procure yarn for her at no additional cost. Defendant requested that plaintiff provide additional services. Plaintiff complied and charged defendant commercially reasonable rates for said services. Defendant failed to pay either plaintiff or Spencer the invoiced amount of $10,066.75 for the yarn and services.

Plaintiff filed a complaint alleging that defendant purchased goods and services from plaintiff and failed to pay for said goods and services. The matter came on for hearing before the trial court on 23 May 2002, at which time the trial court entered the following pertinent findings of fact:

6. In 1999, the Defendant contracted with the Plaintiff through Plaintiff's President, Quince Spencer.

7. The Defendant told Mr. Spencer that she needed him to obtain yarn for a new business venture because she could not obtain credit to purchase yarn herself.

8. Mr. Spencer, through Nutek Custom Hosiery, Inc., did comply with the request of the Defendant as a favor.

9. Invoices were submitted to the Defendant for payment.

. . . .

13. Roebuck Sports, Inc. operated in Valdese, North Carolina.

14. The building Roebuck Sports, Inc. occupied and equipment used by Roebuck Sports, Inc. were sold.

. . . .

16. The checks which the Defendant produced showing payment to the Plaintiff in the name of Roebuck Sports, Inc. showed addresses of Valdese, North Carolina as well as an[sic] Hickory, North Carolina address where the "new business" was located.

17. The Defendant used Wilson Hosiery Mill, Inc. invoices and/or delivery tickets in order to save money. Wilson Hosiery Mill, Inc. was the name of Roebuck Sports, Inc. prior to its change of name.

. . . .

18. Quince Spencer did personally loan certain money to Roebuck Sports, Inc. and the Defendant in the past, and at such

time the Defendant personally signed, and as President of Roebuck Sports, Inc. signed as guarantors.

19. Roebuck Sports, [Inc.] has not been made a party to this matter. . . .

20. $10,066.75 is due and owing the Plaintiff upon the terms [of the invoice].

After concluding as a matter of law that defendant breached her contract with plaintiff, the trial court entered judgment in favor of plaintiff for the principal sum claimed and interest thereon, and reasonable attorney's fees. Defendant appeals this judgment.

Defendant argues that the trial court erred by: (1) failing to dismiss this action for failure to join Roebuck Sports, Inc., as a necessary party; and (2) finding as fact that defendant acted on her own behalf in contracting with plaintiff for the goods and services invoiced. For the reasons stated hereafter, we affirm the judgment of the trial court.

The dispositive issue on appeal is whether the trial court's finding of fact that defendant acted on her own behalf in contracting with plaintiff was supported by competent evidence in the record.

The standard of review for findings made by a trial court sitting without a jury is whether any competent evidence exists in the record to support said findings. *Hollerbach v. Hollerbach*, 90 N.C. App. 384, 387, 368 S.E.2d 413, 415 (1988). Findings of fact and conclusions of law allow meaningful review by the appellate courts. *O'Neill v. Bank*, 40 N.C. App. 227, 231, 252 S.E.2d 231, 234 (1979). Findings of fact are conclusive if supported by competent evidence, irrespective of evidence to the contrary. *Associates, Inc. v. Myerly and Equipment Co. v. Myerly*, 29 N.C. App. 85, 89, 223 S.E.2d 545, 548 (1976).

Corporate officers and directors are generally not liable for the debts of their corporation. N.C. Gen. Stat. § 55B-9(b) (2001). When a corporate officer acts as an agent for the corporation and enters into a contract with a third party, providing notice that he is acting as the agent for the corporation, the corporate officer is not personally liable for corporation obligations arising from said contract. *See Baker v. Rushing*, 104 N.C. App. 240, 248, 409 S.E.2d 108, 112-13 (1991). However, if the corporate officer enters into a contract allegedly for the benefit of the corporation, but fails to inform the third party of his agency status, or if the corporate officer enters into

a contract with a third party for the officer's own benefit, the corporate officer may not use the corporation name as a shield to personal liability. *See generally id., Embree Construction Group v. Rafcor, Inc.*, 330 N.C. 487, 499-500, 411 S.E.2d 916, 924 (1992).

The court found as fact that defendant acted in her personal capacity when contracting with plaintiff. There is competent evidence in the record to support said finding. *See Hollerbach*, 90 N.C. App. at 387, 368 S.E.2d at 415. First, defendant informed plaintiff that the yarn was needed for a "new business" venture. Second, defendant sought Spencer out because Spencer had personally loaned money to defendant and Sports in the past. Third, defendant's name was listed on the invoice as the party to whom the products and services were sold. At no time did defendant sign or indicate that she was doing business in a representative capacity.

The trial court made findings of fact that defendant used Wilson Hosiery Mill, Inc. invoices and/or delivery tickets in order to save money. Although Sports' place of business was in Valdese, North Carolina, three of the four checks in the record showed Sports' address as Hickory, North Carolina, the location of defendant's "new business."

The record also reveals that plaintiff and defendant were friends prior to the agreement. Plaintiff and defendant testified that plaintiff charged defendant only the purchase price of the yarn and a reasonable fee for the additional services defendant requested. Plaintiff did this as a "favor" for defendant. We hold that defendant entered into the contract with plaintiff for her own benefit and she will not be permitted to use the corporation as a shield to her personal liability. Although we note that there is evidence to the contrary, we conclude that there is competent evidence in the record to support the court's finding of fact that defendant personally contracted with plaintiff for the goods and services at issue. Thus, the assignment of error is overruled.

Having found competent evidence in support of the determination of the trial court that defendant was personally liable, it is unnecessary to address defendant's remaining assignment of error regarding joinder of Sports as a necessary party.

Affirm.

Judges HUNTER and ELMORE concur.