STATE OF NORTH CAROLINA
v.
ANDRE DEMITRIUS VINES
No. COA08-1292
Court of Appeals of North Carolina.
Filed July 7, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.
Lisa Skinner Lefler for defendant-appellant.
McGEE, Judge.
Defendant was indicted on 9 July 2007 for first-degree murder, first-degree rape, and first-degree arson. Pursuant to a plea agreement, Defendant entered a guilty plea to second-degree murder and first-degree arson on 1 July 2008, and the State agreed to dismiss the first-degree murder and first-degree rape charges. As part of the agreement, Defendant stipulated that he had a prior record level of III for sentencing purposes, that the aggravating factors outweighed the mitigating factors, and that Defendant would be sentenced in the aggravated range. Finally, the parties agreed to a sentence of 276 to 341 months active imprisonment for the second-degree murder charge and to a consecutive sentence of 129 to 164 months active imprisonment for the first-degree arson charge. The trial court accepted Defendant's plea, and it made written findings of fact as to the aggravating factors and entered two judgments imposing the sentences specified in the plea agreement. Defendant appeals from these judgments.
Pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure, to appeal a criminal conviction, a defendant "may take appeal by (1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within 14 days after entry of the judgment[.]" N.C.R. App. P. 4(a) (emphasis added). "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." State v. McCoy, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320, appeal dismissed, 360 N.C. 73, 622 S.E.2d 626 (2005) (citing State v. McMillian, 101 N.C. App. 425, 427, 399 S.E.2d 410, 411 (1991)). "[C]ompliance with the requirements of Rule 4(a)(2) is jurisdictional and cannot simply be ignored by this Court." Id. (citing O'Neill v. Bank, 40 N.C. App. 227, 230, 252 S.E.2d 231, 233-34 (1979)).
In the case before us, Defendant did not give oral notice of appeal at trial. Defendant's written notice of appeal was filed with the Edgecombe County Clerk of Superior Court on 16 July 2008, more than fourteen days after entry of the trial court's judgments on 1 July 2008. Because Defendant did not give timely notice of appeal, we are without jurisdiction to hear the appeal and must dismiss it.
Assuming arguendo that this Court has jurisdiction to consider Defendant's appeal, Defendant's appellate counsel has submitted a brief on appeal pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493 (1967) and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), informing this Court that counsel has been unable to locate any appealable issues in Defendant's case. In compliance with Anders and Kinch, Defendant's counsel informed Defendant that she could identify no appealable issues, and further informed Defendant that he could file supplemental arguments with this Court if he so chose. Defendant has not filed any supplemental materials with this Court.
Additionally, Defendant's counsel has asked this Court to review the record and transcript in this case to determine if we can identify any appealable issues. We have thoroughly reviewed the record and transcripts, and can identify no prejudicial errors in the proceedings before the trial court.
Dismissed.
Judges HUNTER, Robert C. and BEASLEY concur.
Report per Rule 30(e).